No. 16-2330

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE EIGHTH CIRCUIT

FILED

MAY 2 5 2016

MICHAEL GANS
CLERK OF COURT

IN RE JEFFERY WILLIAM PAUL
Applicant-Movant.

## APPLICATION FOR AUTHORIZATION TO FILE
## A SUCCESSIVE MOTION UNDER 28 U.S.C. § 2255

CAPITAL § 2255 PROCEEDING

EDSON BOSTIC
FEDERAL DEFENDER
DISTRICT OF DELAWARE

Karl Schwartz
Assistant Federal Public Defender
Federal Defender Office
District of Delaware
800 North King Street, Suite 200
Wilmington, DE 19801

May 20, 2016

RECEIVED

MAY 2 3 2016

U.S. COURT OF APPEALS
EIGHTH CIRCUIT

# TABLE OF CONTENTS

TABLE OF CONTENTS .............................................................................................. i

TABLE OF AUTHORITIES ...................................................................................... ii

INTRODUCTION ..................................................................................................... 1

PROCEDURAL HISTORY ....................................................................................... 2

FACTUAL BACKGROUND ...................................................................................... 3

ARGUMENT ............................................................................................................. 5

I.   Under *Johnson* the Residual Clause of § 924(c)(3)(B) Is
     Unconstitutionally Vague .............................................................................. 5

II.  The Robbery Offense that the Jury Was Instructed on Does Not
     Qualify as a Crime of Violence Under the Force Clause of
     § 924(c)(3)(A) ................................................................................................. 9

III. Mr. Paul's Invalid § 924(c) Conviction on Count 2 Requires that
     He Be Resentenced on the § 1111(a) Conviction on Count 1. ........ 17

CONCLUSION ......................................................................................................... 20

# TABLE OF AUTHORITIES

**Cases**

*Bachellar v. Maryland*, 397 U.S. 564 (1970)........................18

*Billie Jerome Allen v. United States*, E.D. Mo. Case No. 97-CR-141 ....17

*Chambers v. United States*, 555 U.S. 122 (2009) ......................7

*Cokeley v. Lockhart*, 951 F.2d 916 (8th Cir. 1991)....................18

*Descamps v. United States*, 133 S.Ct. 2276 (2013) ............9, 10, 12

*Dimayo v. Lynch*, 803 F.3d 1110 (9th Cir. 2015)......................8

*James v. United States*, 476 F.2d 936 (8th Cir. 1973) ............18, 19

*Johnson v. United States*, 135 S. Ct. 2551 (June 26, 2015) .......... passim

*Johnson v. United States*, 559 U.S. 133 (2010) ............11, 14, 15, 16

*Leocal v. Ashcroft*, 543 U.S. 1 (2004) ..............................11

*Moncrieffe v. Holder*, 133 S. Ct. 1678 (2013)........................10

*Ortiz v. Lynch*, 796 F.3d 932, 935 (8th Cir. 2015)............10, 13, 15

*Paul v. United States*, 534 F.3d 832 (8th Cir. 2008) ................3

*Roberts v. Holder*, 745 F.3d 928 (8th Cir. 2014).....................7

*Stromberg v. California*, 283 U.S. 369 (1931)........................18

*United States v. Ayala*, 601 F.3d 256 (4th Cir. 2010................7

*United States v. Bell*, 2016 WL 344749 (N.D. Cal. 2016) ............8, 14, 16

*United States v. Castleman*, 134 S. Ct. 1405 (2014) ................14

*United States v. Causey*, 185 F.3d 407 (5th Cir. 1999)............19, 20

*United States v. Dixon*, 805 F.3d 1193 (9th Cir. 2015) ..............16

*United States v. Edmundson*, 2015 WL 9311983 (D. Md. Dec. 23, 2015)8

*United States v. Gardner*, No. 14-4533 (4th Cir. May 18, 2016)............15

*United States v. Gonzalez-Longoria*, 813 F.3d 225 (5th Cir. 2016) ........8

*United States v. Hollins*, 514 Fed. Appx. 264
 (3d Cir. Mar. 7, 2013) ..............................................15

*United States v. Ker Yang*, 799 F.3d 750 (7th Cir. 2015) ............12

*United States v. Lara-Ruiz*, 681 F.3d 914 (8th Cir. 2012) ............14, 15

*United States v. Lattanaphom*, 2016 WL 393545
 (E.D. Cal. Feb 2, 2016) ............................................8

*United States v. Leal-Rex*, 594 Fed. Appx. 844 (5th Cir. 2014).......13, 14

*United States v. Litzy*, 2015 WL 5895199

(S.D.W. Va. Oct. 8, 2015) ............................................. 15, 16

*United States v. Miranda-Ortegon*, 670 F.3d 661 (5th Cir. 2012) ......... 13

*United States v. Moore*, 38 F.3d 977 (8th Cir. 1994) ...................... 9, 10

*United States v. Parnell*, 2016 WL 1633167 (9th Cir. Apr. 12, 2016) ... 15

*United States v. Paul*, 217 F.3d 989 (8th Cir. 2000) ...................... 3

*United States v. Smith*, 652 F.3d 1244 (10th Cir. 2011) ...................... 13

*United States v. Torres Villalobos*, 487 F.3d 607
(8th Cir. 2007) ......................................................... 9-11, 16

*United States v. Tucker*, 404 U.S. 443 (1972) ...................... 19

*United States v. Vivas-Ceja*, 808 F.3d 719 (7th Cir. 2015) ...................... 8

*Welch v. United States*, 136 S. Ct. 1257 (2016) ...................... 1

*Williams et al. v. North Carolina*, 317 U.S. 287 (1942) ...................... 17, 18

*Woods v. United States*, 805 F.3d 1152 (8th Cir. 2015) ...................... 1, 2

*Zant v. Stephens*, 462 U.S. 862 (1983) ...................... 18

## Statutes & Rules

18 U.S.C. § 1111(a) ...................... 2, 3, 18

18 U.S.C. § 16 ...................... 10, 11, 13, 16

18 U.S.C. § 16(b) ...................... 7, 16

18 U.S.C. § 2 ...................... 2, 3

18 U.S.C. § 924(c) ...................... passim

18 U.S.C. § 924(c)(3)(B) ...................... 2, 5, 6, 7

18 U.S.C. § 924(c)(3)(A) ...................... 2, 9, 11

18 U.S.C. § 924(e) ...................... 6, 7

18 U.S.C. § 924(e)(2)(B)(ii) ...................... 5

18 U.S.C. § 924(i)(1) ...................... 2, 4, 17

18 U.S.C. § 924(j) ...................... 20

18 U.S.C. § 2112 ...................... 16

18 U.S.C. § 2113 ...................... 20

18 U.S.C. § 3593 ...................... 5

18 U.S.C. § 3594 ...................... 5

28 U.S.C. § 2255 ...................... 1, 3, 20

28 U.S.C. § 2255(h)(2) ...................... 1, 20

Eighth Circuit Rule 22B ...................... 1

Applicant, Jeffrey William Paul, through counsel, respectfully applies for an order authorizing the United States District Court for the Western District of Arkansas to consider a successive motion[1] pursuant to 28 U.S.C. § 2255(h)(2) and Eighth Circuit Rule 22B.

## INTRODUCTION

This Court "may authorize a second or successive petition under § 2255 if the petition is based on a 'new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.'" *Woods v. United States*, 805 F.3d 1152, 1153 (8th Cir. 2015) (quoting 28 U.S.C. § 2255(h)(2)). Mr. Paul's successive § 2255 petition is based on a new rule of constitutional law announced in *Johnson v. United States*, 135 S. Ct. 2551 (June 26, 2015), made retroactive to cases on collateral review by the Supreme Court in *Welch v. United States*, 136 S. Ct. 1257 (2016). If authorized by this Court, Mr. Paul's § 2255 application would be timely, as it would be filed within the one-year limitations period from the date of the *Johnson* decision. In this application, Mr. Paul need only make a prima facie showing that his claim falls within the scope of 28 U.S.C. § 2255(h)(2); that is, he

---

[1] Attached as Exhibit 1.

1

must make "simply a sufficient showing of possible merit to warrant a fuller exploration by the district court." *Woods*, 805 F.3d at 1153.

Mr. Paul's conviction under § 924(c) & § 924(i)(1) cannot be upheld because robbery as instructed to Mr. Paul's jury is not a crime of violence under either § 924(c)(3)(B)'s residual clause or § 924(c)(3)(A)'s force clause. The residual clause is void for vagueness under *Johnson* and the robbery offense used as a predicate in this case does not require the intentional use of physical force under § 924(c)(3)(A).

## PROCEDURAL HISTORY

Jeffrey Paul and his co-defendant, Trinity Ingle, were both charged in the Western District of Arkansas with aiding and abetting murder in perpetration of a robbery, in violation of 18 U.S.C. § 1111(a) & § 2, and for using a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c) & 924(i)(1). In June 1997, Mr. Paul was convicted of both counts. The jury returned a sentence of death, unrelated to any particular count. A-25-40. A few weeks before Mr. Paul's trial, Trinity Ingle was convicted of the same two counts; he received a sentence of life imprisonment.

This Court affirmed Mr. Paul's conviction and sentence on appeal. *United States v. Paul*, 217 F.3d 989 (8th Cir. 2000), *cert. denied Paul v. United States*, 534 U.S. 829 (2001). On December 17, 2002, Mr. Paul filed a 28 U.S.C. § 2255 petition. W.D. Ark. Case No. 6:96-cr-60022-TLB, Doc. 271. The District Court denied the petition, without a hearing and without granting leave to conduct discovery, on January 31, 2005. W.D. Ark. Case No. 6:96-cr-60022-TLB, Doc. 323. After granting a certificate of appealability on two issues, this Court affirmed the denial of relief. *Paul v. United States*, 534 F.3d 832 (8th Cir. 2008), *cert. denied Paul v. United States*, 558 U.S. 828 (2009).[2]

## FACTUAL BACKGROUND

In June 1997, Mr. Paul was convicted of aiding and abetting murder in the perpetration of a robbery, in violation of 18 U.S.C. § 1111(a) & § 2 (Count 1). For the same killing, Mr. Paul was also convicted of using a firearm during a federal "crime of violence . . ., to wit: a robbery in the national park, Hot Springs, Arkansas, on or about

---

[2] Subsequently, while represented by appointed counsel, Mr. Paul filed a series of pro se pleadings with various headings (including 28 U.S.C. § 2255) in this Court and courts around the country, alleging a wide variety of grievances. It is noted that Mr. Paul suffers from a serious and long-standing mental illness.

June 22, 1995," in violation of 18 U.S.C. § 924(c) & § 924(i)(1), *subsection redesignated as* § 924(j)(1) (1996) (Count 2). A-41-42. The indictment provided no notice as to which, if any, robbery statute constituted the underlying § 924(c) crime of violence. A-1-2. Nor is it apparent from the trial record that an extant robbery statute was even employed as the § 924(c) predicate. The only available source to determine the elements of predicate robbery was the definition of robbery provided to the jury in the jury instructions. A-10.

Both counts in the indictment carried a maximum sentence of death. The trial court instructed the jury regarding the range of sentence, A-3-4, 14, but did not direct the jury to consider each count separately or issue a separate sentence for each count. Instead, the trial court directed the jury to "consider whether justice requires that the defendant be sentence to death or life imprisonment without the possibility of release for the commission of *these crimes.*" (emphasis added). A-16. Consistent with the trial court's instructions, the jury

4

returned a sentence of death without specifying the conviction upon which it was based.[3]

## ARGUMENT

I. **Under *Johnson* the Residual Clause of § 924(c)(3)(B) Is Unconstitutionally Vague**

Mr. Paul's conviction for using and carrying a firearm during a "crime of violence" cannot be upheld under § 924(c)'s residual clause because after *Johnson*, § 924(c)(3)(B) is void for vagueness. In *Johnson*, the Supreme Court analyzed the residual clause under ACCA, 18 U.S.C. § 924(e)(2)(B)(ii) (defining a violent felony as one that "involves conduct that presents a serious potential risk of physical injury to another"), which parallels in all material respects § 924(c)(3)(B)'s residual clause (defining a crime of violence as one that "by its nature, involves a substantial risk that physical force against the person or property of another may be used"). As § 924(c)(3)(B) suffers from the same flaws that compelled the Supreme Court to declare § 924(e) unconstitutionally vague, § 924(c)(3)(B) is unconstitutional as well.

---

[3] Although the jury sentenced Mr. Paul to one death sentence, the trial court subsequently issued a judgment attaching separate death sentences to each count. A-41-42. There was no basis for the trial court's judgment because under the Federal Death Penalty Act the jury is sentencer, and it issued but one death verdict. 18 U.S.C. §§ 3593, 3594.

In *Johnson*, the Court held that the ACCA residual clause is unconstitutionally vague because "pictur[ing] . . . the ordinary case" and "judg[ing] whether that abstraction presents a serious risk," in order to categorize convictions as violent, is unacceptably "wide ranging" and "indeterminate." *Johnson*, 135 S. Ct. at 2557. Thus, *Johnson* not only invalidated the ACCA residual clause; it invalidated the "ordinary case" analysis in determining the violence inherent in crimes. *See id.* The residual clause in § 924(c) suffers from the same defects as ACCA's residual clause. The language in both provisions is materially indistinguishable; the federal courts treat the provisions the same; and both provisions depend on the problematic "ordinary case" analysis.

Section 924(e) defines a "violent felony" to include an offense that involves "a serious potential risk" of "physical injury" to another person. Section 924(c) defines a "crime of violence" to include an offense that involves "a substantial risk" that "physical force" may be used against a person or property. Both provisions define violent crimes according to the intrinsic risk that they may involve physical force or injury; and thus both statutes require that risk be assessed via the "ordinary case" method. Although the risk at issue in ACCA is risk of physical injury,

6

while the risk in § 924(c) is that physical force will be used, this distinction is immaterial under *Johnson*'s rationale. The Court's critique of the determination of risk did not turn on the type of risk at issue; rather, the Court's analysis turned on the shapeless "ordinary case" inquiry.

Federal courts, including this Court, regularly equate § 924(e)'s residual clause with § 924(c)(3)(B) and with 18 U.S.C. § 16(b) (§ 16(b)'s residual clause is identical to § 924(c)(3)(B)). *See, e.g., Chambers v. United States*, 555 U.S. 122, 133 n.2 (2009) (Alito, J., concurring) (Section 16(b) "closely resembles ACCA's residual clause"); *Roberts v. Holder*, 745 F.3d 928, 930-31 (8th Cir. 2014) (ACCA's definition of a violent felony is "virtually identical to §16(b)" and both require the same "ordinary case" analysis); *United States v. Ayala*, 601 F.3d 256, 267 (4th Cir. 2010) (relying on ACCA case to interpret the definition of crime of violence under § 924(c)(3)(B)). It is noteworthy that in litigating *Johnson*, the United States argued that the residual clause in § 16(b) was as susceptible to the vagueness argument as the residual clause in ACCA. *Johnson v. United States*, S. Ct. No. 13-7120, Supplemental

7

Brief of Respondent United States at 22-23 (available at 2015 WL 1284964 at *22-*23) (March 30, 2015).

The Fifth, Seventh and Ninth Circuits have already struck down the identical residual clause of § 16(b) as unconstitutional under *Johnson*. *See United States v. Gonzalez-Longoria*, 813 F.3d 225 (5th Cir. 2016); *United States v. Vivas-Ceja*, 808 F.3d 719 (7th Cir. 2015); *Dimayo v. Lynch*, 803 F.3d 1110 (9th Cir. 2015). Several federal district courts have relied on the reasoning in these cases to declare § 924(c)'s residual clause unconstitutionally vague. *United States v. Bell*, 2016 WL 344749, at *11-13 (N.D. Cal. Jan. 28, 2016); *United States v. Lattanaphom*, 2016 WL 393545, at *3-6 (E.D. Cal. Feb 2, 2016); *United States v. Edmundson*, 2015 WL 9311983, at *2-6 (D. Md. Dec. 23, 2015). And at least three Circuits have authorized successive § 2255 motions based on *Johnson*'s applicability to § 924(c). *See Freeman v. United States*, No. 15-3687 (2d Cir. Jan 26, 2016); *Ruiz v. United States*, No. 16-1193 (7th Cir. Feb. 19, 2016); *Bias v. United States*, (4th Cir. May 19, 2016); *Jones v. United States*, (4th Cir. May 19, 2016). A-66-74.

## II. The Robbery Offense that the Jury Was Instructed on Does Not Qualify as a Crime of Violence Under the Force Clause of § 924(c)(3)(A).[4]

Because § 924(c)'s residual clause is unconstitutionally vague, Mr. Paul's § 924(c) conviction depends on whether the robbery offense used as the predicate in this case satisfies § 924(c)(3)(A)'s force clause; that is, whether it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). Well-established case law demonstrates, however, that the robbery offense defined for Mr. Paul's jury is not categorically a crime of violence under § 924(c)(3)(A) because it does not require the intentional use of physical force.

To determine whether a predicate offense qualifies as a crime of violence under § 924(c), courts must use the categorical approach. *Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013); *United States v. Moore*, 38 F.3d 977, 978-79 (8th Cir. 1994), *abrogated on other grounds by United States v. Torres Villalobos*, 487 F.3d 607 (8th Cir. 2007). Under the categorical approach, courts "may look only to the

---

[4] Hereafter, the phrase "the robbery offense that the jury was instructed on" refers to the definition of "robbery" that the trial court gave the jury. This definition does not appear to correspond with any then-extant federal robbery statute.

statutory definitions—i.e., the elements—of a defendant's [offense], and not to the particular facts underlying [the offense]" in determining whether the offense qualifies as a crime of violence. *Descamps*, 133 S. Ct. at 2283 (internal quotation marks omitted); *see also Torres Villalobos*, 487 F.3d at 614-615 (applying categorical approach to analyze crime of violence under 18 U.S.C. §16). The "focus" is "on the elements, rather than the facts, of a crime," because "the only facts the court can be sure the jury . . . found [unanimously and beyond a reasonable doubt] are those constituting elements of the offense." *Descamps*, 133 S. Ct. at 2285, 2288.

Because courts are concerned only with what an offense necessarily involves, courts must presume that the predicate offense "'rested upon nothing more than the least of the acts criminalized'" by the statute in question. *Ortiz v. Lynch*, 796 F.3d 932, 935 (8th Cir. 2015) (alterations omitted) (quoting *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1680 (2013)). Thus, if the most innocent conduct penalized by a statute does not have an element of "physical force," the statute categorically fails to qualify as a crime of violence.

"Physical force" in turn has two requirements. "Physical force" means "*violent* force—that is, force capable of causing physical pain or injury to another person." *Johnson (Curtis) v. United States*, 559 U.S. 133, 140 (2010) (emphasis in original) ("*Johnson I*"). Second, the use of such force must be intentional, not merely reckless or negligent. *Leocal v. Ashcroft*, 543 U.S. 1, 9 (2004); *see also Torres Villalobos*, 487 F.3d at 615 ("crimes requiring only reckless disregard for the risk of physical injury to another are not crimes of violence under [18 U.S.C.] § 16.").

Applying the categorical approach, the robbery offense that the jury was instructed on does not qualify as a crime of violence under § 924(c)(3)(A) because it does not require an element of physical force; and it does not require intentional use of physical force.

It is normally necessary to identify the statute of conviction in applying the categorical approach. However, Mr. Paul received no notice in the indictment of what robbery statute he was being charged with violating as the underlying § 924(c) crime of violence; only that it was a robbery that occurred in national park in Hot Springs, Arkansas, on or about June 22, 1995. A-1-2. "Robbery" was undefined in the indictment, and Mr. Paul was not convicted of any robbery. Finally, the undersigned

11

can find no federal robbery offense containing the identical elements of the "robbery" that the trial court instructed the jury on. In such a circumstance (i.e., in the absence of a clear statutory source), courts may "consult a limited class of documents, such as indictments and jury instructions," to determine what elements formed the basis of the conviction. *Descamps*, 133 S. Ct. at 2281; *see also United States v. Ker Yang*, 799 F.3d 750, 755 (7th Cir. 2015) (When "identity of the statute of conviction" is unclear, courts may look to jury instructions and charging documents to determine the "elements of the crime of conviction").

The only source that exists in this case to determine the elements of robbery is the definition of robbery provided to the jury in the jury instructions. The court instructed the jury on robbery as follows:

> "The crime of robbery has three essential elements which are: One; that Sherman Williams had in his possession or on his person or presence anything of value. Two; that the defendant took and carried away anything of value from Sherman Williams by force or violence, and Three; that the taking occurred within the boundaries of the Hot Springs National Park."

A-10. Thus the "robbery offense" considered by the jury could be committed by "force *or* violence." (emphasis added). The jury was not required to agree on which alternative means was used. In other words,

robbery could be committed by force alone. This Court has recognized that an offense that can be completed by means of "force or violence" includes less than violent force. In *Ortiz*, this Court held that the Minnesota statute for obstructing legal process "by force or violence" did not qualify as a crime of violence under 18 U.S.C. § 16 because "the minimum degree of force necessary to sustain a conviction. . . does not necessarily involve force capable of inflicting pain or causing injury to another." *Ortiz*, 796 F.3d at 936.

Other circuits have likewise held that offenses requiring "force or violence" do not satisfy the "physical force" requirement of a crime of violence. *See, e.g., United States v. Smith*, 652 F.3d 1244 (10th Cir. 2011) (Oklahoma battery law requiring "force or violence" not crime of violence under ACCA's force clause because "mere offensive touching satisfies the requirement for force in a battery"); *United States v. Miranda-Ortegon*, 670 F.3d 661, 663 (5th Cir. 2012) ("use of 'force or violence'" element in Oklahoma's assault and battery-domestic violence statute does not make it crime of violence under sentencing guidelines because "only the slightest touching is necessary to constitute the force or violence element of battery"); *United States v. Leal-Rex*, 594 Fed.

13

Appx. 844, 850 (5th Cir. 2014) (similar, addressing "force or violence" element of Utah's aggravated assault statute).

The jury instructions in this case did not modify the term "force" (e.g., such as "physical" force or "violent" force), or define "force." Nor did they require a finding of any particular level of force. In the absence of any definition of a term, courts give terms their common law meaning. *United States v. Castleman*, 134 S. Ct. 1405, 1410 (2014) (explaining that when federal statutes do not otherwise define the terms used, courts will assume that "Congress intends to incorporate the well-settled meaning of the common-law terms it uses.") (internal quotation marks omitted). At common law, the force element of a crime could be "satisfied by even the slightest offensive touching." *Johnson I*, 559 U.S. at 139. For example, under the common law rule, "there is sufficient force to constitute robbery where the property is so attached to the victim's person or clothing as to create resistance to the taking." *Bell*, 2016 WL 344749, at *9.

This Court's precedent is consistent with the common law. *See United States v. Lara-Ruiz*, 681 F.3d 914, 920 (8th Cir. 2012) (recognizing that the term force without a modifier, like "violent,"

14

includes "lesser degrees of force, such as slight offensive touching.");

*Ortiz*, 796 F.3d at 936 n.3 ("de minimus physical contact with another is not a 'crime of violence'"). It is also consistent with other courts, that have recognized that robbery with an element of force less than violent force no longer qualifies as physical force under *Johnson I. See United States v. Hollins*, 514 Fed. Appx. 264, 268 (3d Cir. Mar. 7, 2013) (recognizing that "robbery by force, however slight, no longer satisfies" the force clause of crime of violence). Common law robbery under North Carolina law, for example, is not a violent felony under ACCA's force clause because "the degree of force used is immaterial, so long as it is sufficient to compel the victim to part with his property." *United States v. Gardner*, No. 14-4533, published opinion, Doc. 71 at 17 (4th Cir. May 18, 2016) (internal quotation marks omitted). Similarly, robbery in Massachusetts does not qualify as a violent felony under the force clause because the "*degree* of force is immaterial[;] any force, however slight, will satisfy this prong so long as the victim is aware of it. Such force is insufficient under *Johnson [I]*." *United States v. Parnell*, 2016 WL 1633167, at *2 (9th Cir. Apr. 12, 2016) (emphasis in original). *See also United States v. Litzy*, 2015 WL 5895199, at *5 (S.D.W. Va. Oct. 8,

15

2015) (force element of Ohio's robbery statute is too broad to satisfy *Johnson I*'s "physical force" requirement because the force "need not be violent or direct"); *Bell*, 2016 WL 344749, at *9-10 ("The amount of force necessary to commit a [robbery under 18 U.S.C. § 2112] . . . is less than violent force" and thus does not satisfy the *Johnson* standard).

In addition to not requiring the requisite physical force, a robbery "by force or violence" does not require the use of *intentional* physical force. *See Torres-Villalobos*, 487 F.3d at 616-17 (second-degree manslaughter not a crime of violence under § 16 because it does not require intentional use of force); *United States v. Dixon*, 805 F.3d 1193, 1198 (9th Cir. 2015) (California robbery statute does not qualify as a "violent felony" under the ACCA's force clause because it does not require the intentional use or threat of force). In *Torres-Villalobos*, this Court held that an offense that could be committed with reckless use of force does not qualify as a crime of violence under § 16(b)'s force clause, which this Court has recognized is identical to § 924(c)'s force clause. 487 F.3d at 616 (§ 924(c)(3)(A) is "worded identically to § 16(b)").

### III. Mr. Paul's Invalid § 924(c) Conviction on Count 2 Requires that He Be Resentenced on the § 1111(a) Conviction on Count 1.

Mr. Paul was convicted of both aiding and abetting murder (Count 1) and violating § 924(c) & (i) (Count 2). The jury was not instructed to sentence on each count separately, nor could it possibly have known to do so. It issued one death verdict, unrelated to any particular count. A-25-40. For this reason, the invalidation of Mr. Paul's § 924(c) conviction requires that he be resentenced on Count 1. When the jury "did not specify the basis on which [its death verdict] rested . . . the verdict of the jury for all we know may have been rendered on [the invalid ground] alone." *Williams et al. v. North Carolina*, 317 U.S. 287, 292 (1942). Mr. Paul would not be the first federal capital defendant whose jury concluded that using a firearm in connection with a "crime of violence" resulting in "murder" was a more severe crime than the lead charge, and thus worthy of the ultimate punishment. *See, e.g., Billie Jerome Allen v. United States*, E.D. Mo. Case No. 97-CR-141 (defendant convicted of armed robbery resulting in murder under 18 U.S.C. §§ 2113 (a) & (e)) and §§ 924(c) & (j), and sentenced to death on only the §§ 924(c) & (j) count).

Without a sentencing verdict on each count, it is impossible to know whether the jurors found death based on § 1111(a) alone, on the constitutionally invalid § 924(c) alone, or on a combination of both. Any such speculation would be unconstitutional. "[I]f one of the grounds for [sentencing] is invalid under the Federal Constitution, the judgment cannot be sustained." *Williams*, 317 U.S. at 292 (citing *Stromberg v. California*, 283 U.S. 369, 368 (1931)); *see also Bachellar v. Maryland*, 397 U.S. 564, 567 (1970) (if verdicts "may have rested on an unconstitutional ground, they must be set aside"); *Cokeley v. Lockhart*, 951 F.2d 916, 921 (8th Cir. 1991) ("[A] general verdict must be set aside if the jury was instructed that it could rely on any of two or more independent grounds, and one of those grounds is insufficient.") (quoting *Zant v. Stephens*, 462 U.S. 862, 881 (1983)).

Even if this Court could assume that Mr. Paul's death sentence did not rest on the § 924 count, a resentencing on Count 1 (§ 1111(a)) would still be constitutionally required. When a defendant has been convicted and sentenced on multiple counts, and one of the convictions is determined to be invalid, he must be resentenced on the remaining valid counts unless it is established that the sentencer did not rely on

18

the invalid count in imposing the sentence. *James v. United States*, 476 F.2d 936, 937 (8th Cir. 1973) (citing *United States v. Tucker*, 404 U.S. 443 (1972)). This Court has articulated the "critical issue" as "whether the sentence imposed on Count I might have been different if the [sentencer] had known at the time of the sentencing that the Count II conviction was invalid." *Id.* Where it "appear[s] possible that [the sentencer] might have relied in part on an unconstitutional conviction," the defendant must be resentenced. *Id.* A defendant surely meets this standard where, as here, the trial court instructs the jury to consider the invalid count in combination with the valid one in deciding whether the defendant should receive the death penalty. A-16.

The § 924 conviction was thus essential, and inextricably linked, to the unitary death verdict. In this case, the use of a firearm in connection with a "crime of violence," resulting in "murder," may have been the offense that tipped the balance for the jury. This was the rationale of the Fifth Circuit in *United States v. Causey*, 185 F.3d 407, 423 (5th Cir. 1999) where, as here, the jury had returned one unitary death sentence for multiple (three) death eligible convictions. Following reversal of one of the convictions, the Court ordered resentencing on the

two remaining convictions "[b]ecause it is impossible to say that the jury's penalty phase recommendations of the death penalty were not influenced by the fact that [the defendants] had received three death eligible convictions, rather than two".

There is simply no basis to conclude that the jury's death sentence was not based on the § 924 conviction; nor is there any basis to conclude that, assuming the jury considered both counts in combination (as instructed), the § 924 conviction did not inform the death sentence.

## CONCLUSION

WHEREFORE, because Mr. Paul has presented a *prima facie* claim that the requirements of 28 U.S.C. § 2255(h)(2) are satisfied, he respectfully requests that his application be granted and that he be authorized to file a successive motion under 28 U.S.C. § 2255.

Respectfully Submitted:
**Edson Bostic**
**Delaware Federal Defender**

By: _____
Karl Schwartz (PA # 38994)
Assistant Federal Defender
800 North King Street
Wilmington, De 19801
(302) 573-6441
Karl_Schwartz@fd.org                    Dated: May 20, 2016

20

## Certificate of Service

I, Karl Schwartz, hereby certify that on this 20th day of May, 2016, I submitted the forgoing Application for filing with service via FedEx mail to:

Mark Webb, Esq
US Attorney's Office
414 Parker Ave
Fort Smith, AR 72901

_____
Karl Schwartz