

June 23, 2016

EDSON A. BOSTIC
FEDERAL PUBLIC DEFENDER

Michael E. Gans, Clerk of Court
United States Court of Appeals, Eighth Circuit
Thomas F. Eagleton Courthouse
111 South 10th Street
Room 24.329
St. Louis, MO 63102

> Re: *In Re Jeffery William Paul* No. 16-2330 (Application to file
> Successive § 2255 Motion)
>
> Supplemental Authority pursuant to Fed. R. App. P. 28(j)

Dear Mr. Gans:

Pursuant to Rule 28(j), we bring to the Court's attention six recent opinions and orders addressing the question Mr. Paul's application presents: *In re Hubbard,* 2016 WL 3181417 (4th Cir. June 8, 2016); *In re Pinder,* 2016 WL 3081954 (11th Cir. June 1, 2016); *Berry v. U.S.,* No. 16-71332 (9th Cir. June 2, 2016); *In re Jackson,* No. 16-10 (4th Cir. June 16, 2016); *In re Fulks,* No. 16-9 (4th Cir. June 17, 2016); *In re Basham,* No. 16-5 (4th Cir. June 17, 2016). These cases involved applications like Mr. Paul's seeking to challenge convictions under 18 U.S.C. §924(c) (and in *Hubbard* under the identical provision of §16), based on *Johnson v. United States,* 135 S. Ct. 2551 (2015). In each case the circuit courts agreed that movants had made the prima facie showing required by 28 U.S.C. §2255(h)(2). Copies of the cases are attached.

In granting authorization in *Hubbard,* the Fourth Circuit stressed that, at the authorization stage, "[a]ll Hubbard need show is that there is a 'new rule of constitutional law, made retroactive to cases on collateral review,'" and "it is for the district court to determine whether the new rule extends to the movant's case, not for this court in this proceeding." *Hubbard,* 2016 WL 3181417, at *4. The court recognized that the residual clause of §16(b), identical to §924(c)(3)(B), "presents both" of the problematic features of ACCA at issue in *Johnson. Id.* at *4-*5.

In *Pinder,* the Eleventh Circuit likewise noted the similarity between the residual clauses of the ACCA and §924(c), and granted authorization. 2016 WL 3081954, at *2.[1]

---

[1] We are aware of another recent case, *Donnell v. U.S.,* No. 15-2581 (8th Cir. June

Respectfully,

Karl Schwartz (PA # 88994)
Jenny Osborne (NY reg # 5082953)
Assistant Federal Public Defenders
800 North King Street, #200
Wilmington, DE 19801
(302) 573-6010
Karl_Schwartz@fd.org
Jenny_Osborne@fd.org


Cc:     Mark W. Webb, Esq. (Via CM/ECF)
        U.S. Attorney's Office
        Western District of Arkansas

---

20, 2016), in which a panel of this Court denied authorization to file a successive §2255 motion based on *Johnson*. *Donnell*, however, involved the question of whether *Johnson*'s vagueness doctrine, applicable to a criminal statute, was applicable to advisory sentencing guidelines. In contrast, Mr. Paul's application is based on *Johnson*'s application to a criminal statute (§924(c)) within the same section of the United States Code as §924(e), which *Johnson* invalidated.

2016 WL 3181417
United States Court of Appeals,
Fourth Circuit.

In re: Creadell Hubbard, Movant.

No. 15-276
|
Argued: January 28, 2016
|
Decided: June 8, 2016

On Motion under 28 U.S.C. § 2244 for Order Authorizing District Court to Consider Second or Successive Application for Relief under 28 U.S.C. § 2255 in the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (5:88-cr-00040-BO-1)

**Attorneys and Law Firms**

ARGUED: Paul K. Sun, Jr., ELLIS & WINTERS LLP, Raleigh, North Carolina, for Movant. Seth Morgan Wood, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Respondent. ON BRIEF: Kelly Margolis Dagger, ELLIS & WINTERS LLP, Raleigh, North Carolina, for Movant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Respondent.

Before GREGORY and HARRIS, Circuit Judges, and DAVIS, Senior Circuit Judge.

**Opinion**

Motion granted by published opinion. Judge Gregory wrote the opinion, in which Judge Harris and Senior Judge Davis joined.

GREGORY, Circuit Judge:

 **\*1**  Movant Creadell Hubbard seeks pre-filing authorization to pursue a successive § 2255 petition for habeas relief. For the reasons that follow, we grant his motion.

I.

On July 19, 1988, Creadell Hubbard was indicted on the following numbered criminal counts: (1) armed bank robbery, 18 U.S.C. § 2113(a) & (d); (2) carrying a firearm during a crime of violence, id. § 924(c)(1) & (3); (3) possessing stolen money, id. § 2113(c) & (d); and (4) conspiracy to possess stolen money, id. Hubbard was convicted by a jury on all four counts. The district court determined at sentencing that Hubbard was a career offender under U.S. Sentencing Guidelines Manual § 4B1.1 (U.S. Sentencing Comm'n 1988) ("Sentencing Guidelines") because two of his prior convictions were for "crime [s] of violence." United States v. Hubbard, No. 89-5146, 1990 WL 194520, at \*2 (4th Cir. Dec. 10, 1990) (unpublished). The prior convictions were for second-degree murder and Kentucky third-degree burglary. Id. at \*3. Counts 1, 3, and 4 were merged for sentencing purposes, and the district court imposed a 327-month term of imprisonment for those counts, along with a consecutive sixty-month prison term for Count 2. In addition, the district court imposed a three-year term of supervised release.

Hubbard timely appealed to this Court, citing as error the district court's (1) failure to sever his trial from that of his codefendant; (2) denial of his motion for judgment of acquittal for insufficiency of the evidence; and (3) finding that Kentucky third-degree burglary was a predicate crime of violence supporting his career-offender status. Id. at \*1-3. Hubbard's convictions and sentence were affirmed. Id. at \*2, \*4. In April 1997, Hubbard filed a motion to vacate under 28 U.S.C. § 2255. Proceedings on that motion ultimately resulted in summary judgment against Hubbard and dismissal of his subsequent appeal to this Court. United States v. Hubbard, No. 99-7147, 2000 WL 328084, at \*1 (4th Cir. Mar. 29, 2000) (unpublished).

In August 2015, Hubbard filed a pro se motion with this Court seeking an order authorizing the district court to consider a successive § 2255 motion, citing Johnson v. United States, 135 S. Ct. 2551 (2015). We now address that motion.

II.

Successive petitions for federal habeas corpus review under § 2255 may not be filed in a district court without prior approval from a circuit court of appeals. 28 U.S.C. § 2255(h); In re Vassell, 751 F.3d 267, 268-69 (4th Cir. 2014). In deciding whether to grant the motion for pre-filing authorization, this Court must determine whether it relies on

   (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

   (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

§ 2255(h). It is the latter of these that Hubbard seeks to show.

**\*2** Hubbard argues that the Supreme Court's decision in Johnson produced a new rule of constitutional law made retroactive by that Court, and that he is entitled to seek relief under the new rule. While his motion was pending, the Supreme Court decided Welch v. United States, 136 S. Ct. 1257 (2016), which confirmed Hubbard's position that the rule in Johnson is retroactive. Id. at 1265. With the retroactivity of Johnson established, it remains for this Court to determine whether the rule can support Hubbard's habeas claims.

Hubbard argues that the holding in Johnson can provide him relief in two ways. First, he seeks to apply Johnson to eliminate his conviction for carrying a firearm during a crime of violence (Count 2), arguing that federal armed bank robbery (Count 1 and the predicate for Count 2) is no longer a crime of violence under the rule established in Johnson. Second, he seeks to challenge his career-offender status by arguing that, under Johnson, Kentucky third-degree burglary no longer qualifies as a crime of violence under the Sentencing Guidelines. Since Hubbard's motion was filed, this Court has decided, consonant with our precedent, that federal armed bank robbery is a crime of violence, specifically under the "force clause" of 18 U.S.C. § 924(c)(3), and that the holding in Johnson is inapplicable. United States v. McNeal, 818 F.3d 141, 151-57 (4th Cir. 2016). As a result, the only one of Hubbard's claims that remains viable is his argument that his Kentucky third-degree burglary conviction is no

longer a predicate for establishing his career-offender status.

In analyzing the motion, we need not decide whether Hubbard will ultimately prevail on his claim, only whether he is entitled to pursue a successive claim. In re Williams, 330 F.3d 277, 282 (4th Cir. 2003). At this stage, the moving party need only "make[ ] a prima facie showing that the application satisfies the requirements of [§ 2244]" to gain pre-filing authorization. 28 U.S.C. § 2244(b)(3)(C). [1] Thus, Hubbard only needs to show that he "presents a claim that 'relies on a [qualifying] new rule of constitutional law,' " In re Vassell, 751 F.3d at 271 (quoting § 2244(b)(2)(A)) (alteration in Vassell) (emphasis added), and that he makes "a sufficient showing of possible merit to warrant a fuller exploration by the district court," Williams, 330 F.3d at 281 (citation and internal quotation marks omitted).

We now turn to the substance of Hubbard's remaining claim.

### III.

In 2015, the Supreme Court struck the residual clause of the Armed Career Criminal Act ("ACCA") for being unconstitutionally vague in violation of the Due Process Clause of the Fifth Amendment. Johnson, 135 S. Ct. at 2555-57. "The void-for-vagueness doctrine prohibits the government from imposing sanctions 'under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement.' " Welch, 136 S. Ct. at 1262 (quoting Johnson, 135 S. Ct. at 2556). The now-invalidated ACCA residual clause made any crime punishable by more than one year in prison and that "otherwise involve[d] conduct that present[ed] a serious potential risk of physical injury to another" a violent felony. 18 U.S.C. § 924(e)(2)(B)(ii). Applying the vagueness doctrine, the Supreme Court concluded that the ACCA's residual clause was unconstitutional under both standards: it failed to provide "fair notice to defendants" and "invite[d] arbitrary enforcement by judges." Johnson, 135 S. Ct. at 2557.

**\*3** In this case, the parties do not dispute that Johnson would permit the Court to authorize a petitioner to file a successive § 2255 motion under the

appropriate circumstances: Johnson announced a new rule of constitutional law that the Supreme Court made retroactive and that was previously unavailable. See 28 U.S.C. § 2255(h)(2). Instead, the government argues that Hubbard's claim fails on two grounds: first, that Johnson applies only to the ACCA's residual clause, not to residual clauses found at 18 U.S.C. §§ 16(b) & 924(c)(3)(B); and second, that Hubbard's challenge fails regardless because his sentence was determined using the Sentencing Guidelines (which, until November 1989, incorporated by express reference the definition of "crime of violence" set forth in § 16(b) into the career-offender guideline), making application of Johnson to this case procedural (rather than substantive) and therefore not retroactive. We are not persuaded by either of the government's contentions.

### A.

Turning to the government's first argument, this Court must answer whether the Johnson rule applies to the distinct but similar residual clause at issue in Hubbard's case.

"In determining whether a prior conviction triggers a sentence enhancement under the Sentencing Guidelines, we approach the issue categorically, looking only to the fact of conviction and the statutory definition of the prior offense." United States v. Montes-Flores, 736 F.3d 357, 364 (4th Cir. 2013) (citation and internal quotations omitted). The statute under which Hubbard was convicted defines third-degree burglary as burglary of a building, and "building" refers to both dwellings and nondwellings. Hubbard, 1990 WL 194520, at *3 (citing Ky.Rev.Stat.Ann. §§ 511.010, 511.040). Hubbard was sentenced on April 21, 1989, as a career offender under U.S.S.G. § 4B1.1,[2] which in turn relied on § 4B1.2 for definitions of key terms. At that time, as noted, § 4B1.2 defined the term "crime of violence" by reference to 18 U.S.C. § 16. U.S.S.G. § 4B1.2(1) (U.S. Sentencing Comm'n 1988); see also 18 U.S.C. § 16(b) (1988) (defining "crime of violence" as one that "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense"). Under that definition the district court found, and a panel of this Court affirmed, that Kentucky third-degree burglary was a crime of violence. Hubbard, 1990 WL 194520, at *3. The offense was therefore treated as one of the predicate crimes

of violence contributing to Hubbard's career-offender status for purposes of applying the Sentencing Guidelines. Hubbard now seeks permission to challenge his career-offender status by applying the new constitutional rule announced in Johnson to the § 16(b) definition of a crime of violence (and thereby to the then-relevant version of U.S.S.G. § 4B1.2).

The government argues that Johnson only invalidated the residual clause of the ACCA, 18 U.S.C. § 924(e)(2)(B), and has no application to 18 U.S.C. § 16(b) or other nonidentical residual clauses.[3] Hubbard counters that his burden is merely to show that it is plausible that the rule announced in Johnson renders § 16(b) unconstitutionally vague. In other words, he argues that the government is making a merits argument that would be properly presented to the district court in response to a § 2255 motion but that is premature at this preliminary stage.

**\*4** As previously explained, § 16(b) defines a "crime of violence" as one that "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." § 16(b). Like the provision invalidated by Johnson, § 16(b) is a residual clause expanding the definition of a crime of violence. However, the Court in Johnson was dealing with the ACCA's residual clause, which was formulated somewhat differently. See Fuertes, 805 F.3d at 499 n.5 (explaining that "[t]he two formulations ... are similarly worded but not identically so"). It stated that a crime was an appropriate predicate offense if it "otherwise involve[d] conduct that present[ed] a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). This textual difference, the government argues, combined with several other distinguishing characteristics, leaves § 16(b) beyond the scope of the rule articulated in Johnson. Specifically, the government argues that § 16(b) is "materially narrower" than the ACCA residual clause, that it does not contain a "confusing list of enumerated offenses," and that the ACCA residual clause reaches conduct occurring outside the commission of an offense while § 16(b) does not.

Given the relatively low bar Hubbard must get over, the government's arguments are unconvincing. Even accepting them all as undisputed, which they are not, it is not at all clear these arguments would be enough to show that Hubbard has failed to establish a prima facie case. All Hubbard need show is that there is "a

new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." § 2255(h)(2). In fact, it is not entirely clear which of these three § 2255(h)(2) elements the government contends Hubbard does not meet. The most plausible interpretation of the government's position is that Hubbard's present motion fails the third element—that the new rule was previously unavailable—not because the Johnson rule was previously available to him, but because the third § 2255(h)(2) element implies that a movant may only obtain authorization where the new rule becomes available to him insofar as it can affect his case. Thus, the government could be understood to argue, a plaintiff cannot proceed even from this early stage if the new constitutional rule cannot affect the provision on which his conviction or sentence was based. The argument fails here, however, because it is for the district court to determine whether the new rule extends to the movant's case, not for this court in this proceeding. In re Encinias, —— F.3d ——, 2016 WL 1719323 (10th Cir. Apr. 29, 2016) (per curiam); see also In re Robinson, No. 16–11304–D, ——F.3d ——, 2016 WL 1583616, at *2 n.2 (11th Cir. Apr. 19, 2016) (Martin, J., concurring) (noting that every circuit except the Eleventh has held or assumed Johnson applies to the Sentencing Guidelines).

The government is making a merits argument: its contention that the Johnson rule does not render similar language in a closely related provision unconstitutional is an argument about the proper application of the new rule in Johnson. And at this stage, a merits argument faces an almost insurmountable hurdle: while determining whether to authorize a successive petition "may entail a cursory glance at the merits ... the focus of the inquiry must always remain on the § 2244(b)(2) standards." Williams, 330 F.3d at 282; see also id. (noting that, for example, authorization to challenge a conviction for constitutional error will be granted where application "adequately alleging some constitutional violation" is presented (emphasis added)). The fact that two federal circuit courts already have concluded that § 16(b) is unconstitutionally vague under Johnson, see United States v. Vivas-Ceja, 808 F.3d 719, 720 (7th Cir. 2015); Dimaya v. Lynch, 803 F.3d 110 (9th Cir. 2015), likely is enough to establish that Hubbard has made "a sufficient showing of possible merit to warrant a fuller exploration by the district court," Williams, 330 F.3d at 281.[4] In any event, that Hubbard has met this threshold burden is confirmed by our own "glance" at the government's merits arguments.

**\*5** In Johnson, the Supreme Court found "[t]wo features of the [ACCA's] residual clause" problematic: that it "leaves grave uncertainty about how to estimate the risk posed by a crime" and that it "leaves uncertainty about how much risk it takes for a crime to qualify as a violent felony." Johnson, 135 S. Ct. at 2557-58 (emphasis added). The first of these problems resulted largely from the ACCA residual clause's invocation of "a judicially imagined 'ordinary case' of a crime" rather than the "real-world facts or statutory elements." Id. at 2557. The Court noted that such an analysis put judges in an impossible position: "How does one go about deciding what kind of conduct the 'ordinary case' of a crime involves?" Id.; see also 18 U.S.C. § 924(e)(2)(B)(ii) (defining a violent felony as one that "otherwise involves conduct that presents a serious potential risk of physical injury to another" (emphasis added)).

The second problematic feature of the ACCA residual clause, uncertainty regarding the quantum of risk necessary for a crime to become a violent felony, arises from two textual sources: the requirement that the "judge-imagined abstraction" of the ordinary case be analyzed using a vague "serious potential risk" standard, and the existence of a "confusing" enumerated list of exemplary offenses. Johnson, 135 S. Ct. at 2558. The Court indicated that a vague standard is one thing, but applying it to imaginary instances of crimes is another. Id. Moreover, the standard was made more vague by tying it to four enumerated offenses—burglary, arson, extortion, or any offense involving the use of explosives—which "are 'far from clear in respect to the degree of risk each poses.' " Id. (quoting Begay v. United States, 553 U.S. 137, 143 (2008)).

As Hubbard argues, § 16(b) presents both of these issues. It invokes the ordinary case by referring, not to the facts of the case, but to the "nature" of the offense. 18 U.S.C. § 16(b). The provision also applies almost the exact same vague standard—"involves a substantial risk"—to the abstract ordinary case. Id. This Court has acknowledged the similarities between the "operative language" in the ACCA's residual clause struck down in Johnson and that in § 16(b) at issue here. See United States v. Martin, 215 F.3d 470, 474 n.4 (4th Cir. 2000). Only one of the problems with ACCA's residual clause is absent from § 16(b): the enumerated list of offenses. But while the Johnson Court noted that the list made the residual clause more vague rather than less so, its reliance on that issue

was limited. See Vivas–Ceja, 808 F.3d at 723 ("The list [of enumerated offenses] itself wasn't one of the 'two features' that combined to make the clause unconstitutionally vague."). We cannot determine, at a glance, whether this single dissimilarity is sufficient to distinguish § 924(e)(2)(B)(ii) from § 16(b). It would therefore be for the district court to make that determination following a more detailed briefing of this merits issue.

The same is true of the government's other principal argument, namely, that § 16(b) is "materially narrower" than the ACCA provision. It is true that § 16(b) limits its application to instances involving the "risk that physical force" will be used "in the course of committing the offense," Leocal v. Ashcroft, 543 U.S. 1, 10 & n.7 (2004) (quoting § 16(b)), whereas the ACCA's residual clause reached risks precipitated by the offense but occurring after its completion, see Johnson, 135 S. Ct. at 2557. In fact, the Johnson Court noted that "the inclusion of burglary and extortion among the enumerated offenses preceding the [ACCA] residual clause confirms that the court's task also goes beyond evaluating the chances that the physical acts that make up the crime will injure someone" because violence related to those crimes is most likely to occur after the burglary or extortion has already been committed. Id. But this distinction between the ACCA residual clause and § 16(b), as presented by the government, goes more to the breadth of the two clauses than their vagueness.

 *6 The Johnson Court stated that its concern with the ACCA residual clause was that "unlike the part of the definition of a violent felony that asks whether the crime 'has as an element the use ... of physical force,' the residual clause asks whether the crime 'involves conduct' that presents too much risk of physical injury." Id. (alteration in original). Likewise, § 16(b) eschews the reference to the elements of a crime found in the preceding § 16 force clause, 18 U.S.C. § 16(a), instead addressing itself to any crime that "involves a substantial risk that physical force against the person or property of another may be used," § 16(b). Although facts relevant to an ACCA analysis occupy a broader period of time, § 16(b) still asks courts to assess "the risk that the use of physical force against another might be required in committing a crime," Leocal, 543 U.S. at 10 (emphasis added), an exercise we cannot say at this stage does not "invite[ ] arbitrary enforcement by judges," Johnson, 135 S. Ct. at 2556.

Moreover, and perhaps paradoxically, it is largely the enumerated offenses in the ACCA which caused that residual clause's greater breadth. Johnson, 135 S. Ct. at 2557. As such, our reasons for rejecting the list of enumerated offenses as a sufficient point of distinction apply equally here. The Johnson Court's focus was on the abstraction involved in analyzing an ordinary case, and the distinction the government has raised between these provisions does not render it implausible that § 16(b), too, is unconstitutionally vague. Again, that is a merits argument that is sufficiently close to warrant presentation to the district court. In re Encinias, --- F.3d at ---, 2016 WL 1719323, at *1.

### B.

The government's second argument is that the Sentencing Guidelines are procedural rules, that application of the Johnson rule to the Sentencing Guidelines would therefore be procedural, and that as a result Hubbard cannot satisfy the second § 2244 prima facie element (retroactive application) because, "[n]ew rules of constitutional criminal procedure are generally not applied retroactively on collateral review." United States v. Sanders, 247 F.3d 139, 147-48 (4th Cir. 2001) (citing Teague v. Lane, 489 U.S. 288 (1989) (plurality opinion)). In other words, while it admits the Johnson rule is substantive when applied to § 924(c)(3)(B),[5] the government contends it is merely procedural when applied to the Sentencing Guidelines, and that retroactive application is therefore barred by Teague.

A rule is substantive if it addresses " 'substantive categorical guarante[es] accorded by the Constitution,' such as a rule 'prohibiting a certain category of punishment for a class of defendants because of their status or offense.' " Frazer v. South Carolina, 430 F.3d 696, 704 n.4 (4th Cir. 2005) (quoting Saffle v. Parks, 494 U.S. 484, 494 (1990)). "In contrast, rules that regulate only the manner of determining the defendant's culpability are procedural." Schriro v. Summerlin, 542 U.S. 348, 353 (2004). The government argues that § 16(b) as incorporated into the Sentencing Guidelines is procedural because (1) it does not change the range of legally permissible outcomes (which are limited by statutory minimums and maximums) and (2) errors in calculating a defendant's advisory guidelines range have

been characterized as procedural by the Supreme Court. Neither argument is convincing.

To begin, the decision in Welch declared unequivocally that Johnson was "a substantive decision and so has retroactive effect under Teague in cases on collateral review," Welch, 136 S. Ct. at 1265, and the government has cited no case to support the proposition that a rule can be substantive in one context but procedural in another. Cf. Danforth v. Minnesota, 552 U.S. 264, 266 (2008) ("New constitutional rules announced by this Court that place certain kinds of primary individual conduct beyond the power of the States to proscribe, as well as 'watershed' rules of criminal procedure, must be applied in all future trials, all cases pending on direct review, and all federal habeas corpus proceedings.").

 **\*7**  The Welch Court also noted that "[b]y striking down the residual clause as void for vagueness, Johnson changed the substantive reach of the Armed Career Criminal Act, altering 'the range of conduct or the class of persons that the [Act] punishes.' " Welch, 136 S. Ct. at 1265 (quoting Schriro, 542 U.S. at 353). Likewise, striking down the residual clause embodied in § 16(b), and thereby removing it from the applicable version of the Sentencing Guidelines, would "alter[ ] the range of conduct or the class of persons that the [Sentencing Guidelines] punishes." Id. (quotation marks omitted). That is, the "substantive reach" of the Sentencing Guidelines would be altered just as much as was true for the ACCA. If the Johnson rule does invalidate § 16(b), some crimes will no longer fit the Sentencing Guidelines' definition of a crime of violence and will therefore be incapable of resulting in a career-offender sentencing enhancement. In such cases, application of the Johnson rule will operate to "prohibit[ ] a certain category of punishment for a class of defendants because of their status." Frazer, 430 F.3d at 704 n.4. A defendant may still be subject to the same statutory range of punishments, but " 'even the use of impeccable factfinding procedures could not legitimate' a sentence based on that clause" (that is, U.S.S.G. § 4B1.2(1) as it existed at the time of sentencing). Welch, 136 S. Ct. at 1265 (emphasis added) (quoting United States v. U.S. Coin & Currency, 401 U.S. 715, 724 (1971)).

Moreover, although available sentences are technically controlled by statute, the Sentencing Guidelines hardly represent a mere suggestion to courts about the proper sentences defendants should receive. "The federal system adopts procedural measures intended to make the Sentencing Guidelines the lodestone of sentencing." Peugh v. United States, 133 S. Ct. 2072, 2084 (2013). This was even more true when Hubbard was sentenced in 1989 as United States v. Booker, 543 U.S. 220 (2005), had not yet been decided and the Sentencing Guidelines were still being treated as mandatory. The government points out that errors in calculating the appropriate Sentencing Guidelines range are procedural, Peugh, 133 S. Ct. at 2080, but fails to address the Supreme Court's express description of the Sentencing Guidelines as "the substantive 'formula' used to calculate the applicable sentencing range," id. at 2088 (quoting Cal. Dep't of Corr. v. Morales, 514 U.S. 499, 505 (1995)) (quotation marks omitted); see also Molina–Martinez v. United States, 136 S. Ct. 1338, 1345 (2016) ("The Guidelines' central role in sentencing means that an error related to the Guidelines can be particularly serious.").

Just as in Johnson, invalidation of § 16(b) would have "nothing to do with the range of permissible methods a court might use to determine whether a defendant should be sentenced" as a career offender. Welch, 136 S. Ct. at 1265. The Welch Court noted that Johnson "did not, for example, allocate decisionmaking authority between judge and jury, or regulate the evidence that the court could consider in making its decision," and that it was therefore not procedural. Id. (citations and quotation marks omitted). The same would be equally true in an application of Johnson to the Sentencing Guidelines, and thus we are compelled to find that "[b]y the same logic, Johnson is not a procedural decision." Id.

IV.

Because application of Johnson to § 16(b) as incorporated into the Sentencing Guidelines might render the career-offender residual clause that was applicable at the time Hubbard was sentenced unconstitutional, and because the rule in Johnson is substantive with respect to its application to the Sentencing Guidelines and therefore applies retroactively, this Court grants Hubbard's request for authorization to file a successive § 2255 motion.

MOTION GRANTED

**All Citations**

--- F.3d ----, 2016 WL 3181417

Footnotes

1    While Hubbard's motion relies on § 2255, that provision incorporates by reference the factors listed in § 2244.

2    At the time, the relevant provision read:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

> U.S.S.G. § 4B1.1 (U.S. Sentencing Comm'n 1988).

3    The government also argued elsewhere in its brief that the rule in Johnson does not apply to 18 U.S.C. § 924(c)(3)(B). We no longer need to address that argument directly because McNeal resolved the only relevant issue presented in this case (whether armed bank robbery is a crime of violence) that possibly involved that provision. We note, however, that the language of § 16(b) is identical to that in § 924(c)(3)(B), and we have previously treated precedent respecting one as controlling analysis of the other. United States v. Fuertes, 805 F.3d 485, 500 (4th Cir. 2015); see also United States v. Taylor, 814 F.3d 340, 377 (6th Cir. 2016) (relying on Supreme Court's § 16(b) precedent to interpret § 924(c)(3)(B)); United States v. Serafin, 562 F.3d 1105, 1108 & n.4 (10th Cir. 2009) (same).

4    We note that the circuits are divided as to whether § 16(b) and § 924(c)(3)(B) are unconstitutionally vague under Johnson. A panel of the Fifth Circuit agreed with the Seventh and Ninth Circuits that Johnson renders § 16(b) unconstitutionally vague, but the court has granted rehearing. United States v. Gonzalez-Longoria, 813 F.3d 225 (5th Cir. 2016), reh'g en banc ordered, 815 F.3d 189. The Sixth Circuit has concluded that § 924(c)(3)(B) is not unconstitutionally vague, Taylor, 814 F.3d at 376, completing (for now) the circuit split. We have previously declined (as unnecessary to the decision) to opine on whether Johnson's holding applies to the residual clauses embodied in those provisions, e.g., Fuertes, 805 F.3d at 499 n.5, and in the context of our consideration of Hubbard's motion for authorization to proceed in the district court, we have no occasion to rule on the merits of his claim beyond the "glance" discussed in text.

5    See note 4, supra.

**End of Document**

© 2016 Thomson Reuters. No claim to original U.S. Government Works.

KeyCite Yellow Flag - Negative Treatment

Distinguished by    In re Hines,     11th Cir.,     June 8, 2016

2016 WL 3081954
Only the Westlaw citation is currently available.
United States Court of Appeals,
Eleventh Circuit.

In re: Ricardo Pinder, Jr., Petitioner.

No. 16-12084-J
|
June 1, 2016

**Synopsis**
**Background:** Applicant sought leave to file second or successive motion to vacate sentence.

**[Holding:]** The Court of Appeals held that applicant made prima facie showing that proposed motion to vacate sentence contained new rule of constitutional law, made retroactive to cases on collateral review by Supreme Court.

Application granted.

Tjoflat, Circuit Judge, filed dissenting opinion.

West Headnotes (2)

**[1]    Criminal Law**
    Particular issues and cases

Applicant made prima facie showing that proposed motion to vacate sentence contained new rule of constitutional law, made retroactive to cases on collateral review by Supreme Court, and thus Court of Appeals would authorize applicant to file second or successive motion to vacate, where applicant was sentenced under statute that required higher prison sentence whenever defendant used firearm during crime of violence, Supreme Court declared subsection of statute unconstitutional in *Johnson v .*

*United States,* 135 S.Ct. 2551, rule announced in *Johnson* applied retroactively, and language of subsection under which applicant was sentenced was very similar to subsection that had been declared unconstitutional. 18 U.S.C.A. § 924(c)(1)(A), (e)(2)(B)(ii); 28 U.S.C.A. § 2255(h).

4 Cases that cite this headnote

**[2]    Conspiracy**
    Particular crimes

To convict on a Hobbs Act conspiracy, the government must show that (1) two or more people agreed to commit a Hobbs Act robbery, (2) that the defendant knew of the conspiratorial goal, and (3) that the defendant voluntarily participated in furthering that goal. 18 U.S.C.A. § 1951(a).

1 Cases that cite this headnote

**West Codenotes**

**Recognized as Unconstitutional**
18 U.S.C.A. § 924(e)(2)(B)(ii)

Application for Leave to File a Second or Successive Motion to Vacate, Set Aside, or Correct Sentence, 28 U.S.C. § 2255(h)

**Attorneys and Law Firms**

Ricardo Godfrey Pinder, Jr., Welch, WV, Pro Se.

John Andrew Horn, Lawrence R. Sommerfeld, U.S. Attorney's Office, Atlanta, GA, for Successive Habeas Respondent.

Before TJOFLAT, WILSON, and MARTIN, Circuit Judges.

**Opinion**

BY THE COURT:

 **\*1**  Ricardo Pinder, Jr., seeks authorization to file a second or successive 28 U.S.C. § 2255 motion. He can file

such a motion only if the motion is "certified ... by a panel of the appropriate court of appeals to contain" either:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). "The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection." Id. § 2244(b)(3)(C).

 **[1]** Pinder was sentenced under 18 U.S.C. § 924(c), which requires a higher prison sentence whenever a defendant uses a firearm during a "crime of violence." 18 U.S.C. § 924(c)(1)(A). The statute gives more than one definition of "crime of violence," including any felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." Id. § 924(c)(3)(B). Pinder claims this definition is unconstitutional in light of Johnson v. United States, 576 U.S. ——, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), which held that the phrase "involves conduct that presents a serious potential risk of physical injury to another" in 18 U.S.C. § 924(e)(2)(B)(ii) is unconstitutionally vague. The Supreme Court has held that the rule announced in Johnson applies retroactively on collateral review. See Welch v. United States, 578 U.S. ——, 136 S.Ct. 1257, 1268, ——L.Ed.2d —— (2016).

Our Court hasn't decided if Johnson applies to § 924(c)(3)(B). However, the language in § 924(c) and § 924(e) is very similar. And both § 924(c) and § 924(e) are penal statutes, meaning they both require higher sentences once a court decides that an offense is a "crime of violence." Also, for both statutes this question is decided " 'categorically'— that is, by reference to the elements of the offense, and not the actual facts of [the defendant's] conduct." United States v. McGuire, 706 F.3d 1333, 1336 (11th Cir. 2013) (O'Connor, J.). As the Supreme Court has explained, "[t]he vagueness of [§ 924(e)(2)(B)(ii)] rests in large part on its operation under the categorical approach." Welch, 136 S.Ct. at 1262. This "approach required courts to assess

the hypothetical risk posed by an abstract generic version of the offense." Id. "It is one thing to apply an imprecise 'serious potential risk' standard to real-world facts; it is quite another to apply it to a judge-imagined abstraction." Johnson, 135 S.Ct. at 2558. Though § 924(c) is phrased a bit differently from § 924(e), the § 924(c) language also requires courts to decide if the offense in question "naturally involve[s] a person acting in disregard of the risk that physical force might be used against another in committing an offense." Leocal v. Ashcroft, 543 U.S. 1, 10, 125 S.Ct. 377, 383, 160 L.Ed.2d 271 (2004).

 **\*2** Given the similarity between § 924(c) and § 924(e), other Courts of Appeals have authorized successive § 2255 petitions based on Johnson in § 924(c) cases. See, e.g., Freeman v. United States, No. 15-3687 (2d Cir. Jan. 26, 2016); In re Chapman, No. 16-246 (4th Cir. May 3, 2016); Ruiz v. United States, No. 16-1193 (7th Cir. Feb. 19, 2016) (rejecting the argument "that § 924(c)(3)(B) differs enough from [§ 924(e)(2)(B)(ii)]'s residual clause that it was not invalidated by Johnson"). And though the Sixth Circuit has held that § 924(c)(3)(B) is not unconstitutionally vague, see United States v. Taylor, 814 F.3d 340, 379 (6th Cir. 2016), the Seventh and Ninth Circuits have held that identically worded language in 18 U.S.C. § 16(b) is unconstitutionally vague, see United States v. Vivas–Ceja, 808 F.3d 719, 723 (7th Cir. 2015); Dimaya v. Lynch, 803 F.3d 1110, 1120 (9th Cir. 2015).

 **[2]** In short, the law is unsettled on whether the rule announced in Johnson invalidates Pinder's sentence. What's clear however is that Pinder has made a prima facie showing that his motion "contain[s] ... a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." 28 U.S.C. § 2255(h); see also In re Joshua, 224 F.3d 1281, 1282 n. 2 (11th Cir. 2000) (per curiam) (noting that "the merits of this case ... are not relevant to whether Joshua can obtain permission to bring a second or successive § 2255 motion to vacate"). Whether that new rule of constitutional law invalidates Pinder's sentence must be decided in the first instance by the District Court.[1] Nothing in our order binds that court, which must decide every aspect of Pinder's claim "fresh, or in the legal vernacular, de novo." Jordan v. Sec'y, Dep't of Corr., 485 F.3d 1351, 1358 (11th Cir. 2007). Also, whatever

> determination that the district court makes about whether [Pinder] has

satisfied the requirements for filing a second or successive motion, and any determination it makes on the merits, if it reaches the merits, is subject to review on appeal from a final judgment or order if an appeal is filed. Should an appeal be filed from the district court['s] determination, nothing in this order shall bind the merits panel in that appeal.

In re Moss, 703 F.3d 1301, 1303 (11th Cir. 2013).

**\*3 APPLICATION GRANTED.**


TJOFLAT, Circuit Judge, dissenting:

In enacting the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2241 *et seq.*, Congress transferred from the District Courts to the Circuit Courts the power to decide whether a second or successive petition or motion may be brought under §§ 2254 and 2255. The Circuit Courts now perform a gatekeeping function. A Circuit Court may authorize a federal prisoner to file a second or successive § 2255 motion if a panel of the court certifies the motion "to contain ... a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Id.* § 2255(h)(2).

Pinder requests our authorization to file a second or successive motion on the theory that *Johnson v. United States*, 576 U.S. ——, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), applies retroactively through *Welch v. United States*, 578 U.S. ——, 136 S.Ct. 1257, —— L. Ed. 2d. —— (2016), to the "crime of violence" language of 18 U.S.C. § 924(c) in the way it applies to the "violent felony" language of 18 U.S.C. § 924(e). We grant Pinder's request on the sole ground that he "has made a prima facie showing that his motion 'contain[s] ... a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court.' " Ante at —— (quoting 28 U.S.C. § 2255(h)(2)) (alteration in the original).

Whether *Johnson* applies to § 924(c) as it does to § 924(e) presents a pure question of law, which we could readily decide. We do not decide it, though, because, as the majority implies, doing so would be beyond the gatekeeping task Congress has assigned us under AEDPA. Our task is simply to determine whether the movant's motion contains "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). Pinder's motion contains one; hence, authorization is mandatory. The majority makes this abundantly clear. "Whether th[e] new rule of constitutional law invalidates Pinder's sentence must be decided in the first instance by the District Court." Ante at ——. Our order authorizing the filing "in no way binds" the District Court, which "must decide even the § 2255(h) question 'fresh, or in the legal vernacular, *de novo*.' " *Id.* In short, the District Court is on its own in deciding the retroactivity question.

But our gatekeeping function under § 2255(h)(2) is more robust than the majority recognizes. When faced with a straightforward, pure question of law that is dispositive, it is an abdication of our judicial mantle *not* to decide it. [1] This becomes obvious when one considers what we would have done had the Supreme Court decided *Johnson* while Pinder's case was pending on direct appeal. [2] We would have had two choices, as least in theory. First, even though further development of the record would not have been necessary to decide whether *Johnson* affected the validity of Pinder's conviction, we could have held the appeal in abeyance and remanded the case to the District Court with the instruction that the District Court decide the retroactivity question in the first instance for sentencing purposes—the same instruction today's authorization implies—and then certify its decision to us. The District Court would have decided the retroactivity question, a pure question of law, and made the certification. On receipt of its decision, we would then engage in the same task we gave the District Court. Why? Because we would have been faced with the exact same retroactivity question we sent to the District Court. If we affirmed the District Court's decision, all would have been well and good —the District Court would have gotten it right. If we reversed, the District Court would have wondered in total astonishment why we didn't decide the retroactivity issue in the first place—why we wasted its time and effort and, what's worse, made it appear incompetent. [3]

**\*4** We would not have opted to remand Pinder's case to the District Court had it still been pending when *Johnson* was decided. We would have instead decided

the retroactivity issue ourselves. We would have done so for obvious reasons. Considerations of efficiency, our institutional respect for the District Court, the legal profession's respect for our court, and the public's interest in avoiding a judicial game of musical chairs would have required that we decide the retroactivity question straightway.

Now, consider the case at hand and imagine that we were a court of only three judges. As in the direct appeal I posit above, we would have two choices. We could decide the question of law or we could palm it off to the District Court. If we opted to palm it off, the District Court would resolve the retroactivity issue, and the losing side would appeal. [4] And we would be faced once again with the question of whether *Johnson* applied to Pinder's conviction. If we reversed, the District Court would be just as astonished as the District Court in the direct-appeal scenario would have been had we remanded the retroactivity issue instead of deciding it ourselves and then reversed its decision. [5] In the end, however the District Court resolved the retroactivity issue, we would have faced the issue twice, and depending on our decision, the District Court could have been taxed with the case twice.

But we aren't a three-judge court. Today's authorization will result in an appeal to another three-judge panel, and that panel will pass judgment on today's decision. The authorization will yield the same inefficiencies, potential for institutional disrespect, and public concern that that would result if, during the direct appeal of a criminal conviction, we palmed off to the District Court a pure question of law that we should have decided in the first instance.

Is it possible that Congress, in drafting AEDPA, envisioned such a waste of judicial time and resources and further delay in the finality of criminal convictions? *Cf. Day v. McDonough,* 547 U.S. 198, 205, 126 S.Ct. 1675, 1681, 164 L.Ed.2d 376 (2006) (recognizing that " 'judicial efficiency and conservation of judicial resources' " promotes AEDPA's interest in finality (quoting *Acosta v. Artuz,* 221 F.3d 117, 123 (2d Cir. 2000))). [6] I hardly think so.

**All Citations**

--- F.3d ----, 2016 WL 3081954

Footnotes

1   Pinder's § 924(c) sentence appears to have been based on a conviction for conspiracy to commit Hobbs Act robbery. "To convict on a Hobbs Act conspiracy, the government must show that (1) two or more people agreed to commit a Hobbs Act robbery; (2) that the defendant knew of the conspiratorial goal; and (3) that the defendant voluntarily participated in furthering that goal." United States v. Ransfer, 749 F.3d 914, 930 (11th Cir. 2014). This Court "has not decided that a Hobbs Act robbery categorically qualifies as a 'crime of violence' for the purposes of § 924(c)" after Johnson. United States v. Collins, No. 1:14-CR-302, 2016 WL 1639960, at *26 (N.D. Ga. Feb. 9, 2016), report and recommendation adopted, No. 1:14-CR-302, 2016 WL 1623910 (N.D. Ga. Apr. 25, 2016). We also haven't decided this question for *conspiracy* to commit Hobbs Act robbery. At least two district courts have held that conspiracy to commit Hobbs Act robbery is not a "crime of violence" after Johnson. See United States v. Luong, No. 2:99-00433, 2016 WL 1588495, at *3 (E.D. Cal. Apr. 20, 2016); United States v. Edmundson, No. PWG-13-15, ——F.Supp.3d ——, ——, 2015 WL 9311983, at *6 (D. Md. Dec. 23, 2015). We leave the merits of Pinder's claim to the District Court to decide in the first instance.

1   To the extent that additional briefing from the parties might be necessary to resolve a motion for a second or successive petition presenting a pure question of law, we could order targeted supplemental briefing on an expedited basis.

2   *Johnson* would apply to 18 U.S.C. § 924(e)(2)(B)(ii) convictions like Pinder's in pending cases on direct appeal. *See, e.g., Griffith v. Kentucky,* 479 U.S. 314, 320–26, 107 S.Ct. 708, 711–15, 93 L.Ed.2d 649 (1987).

3   If we affirmed, the District Court would still wonder why we didn't resolve the issue initially and avoid wasting that court's time and effort.

4   If Pinder lost, he would then seek a certificate of appealability under 28 U.S.C. § 2553(c) based on *Johnson*.

5   As in the direct-appeal scenario described above, if we affirmed, the District Court would still wonder why we didn't resolve the issue initially and avoid wasting that court's time and effort.

6   These efficiency concerns, which likewise implicate AEDPA's interest in comity and federalism, are only heightened in the context of 28 U.S.C. § 2254.

**End of Document**

© 2016 Thomson Reuters. No claim to original U.S. Government Works.

**FILED**

UNITED STATES COURT OF APPEALS

JUN 02 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERT SHERMAN BERRY, a.k.a. Jim Preston, <br><br> Petitioner, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | No. 16-71332 <br><br> D.C. No. 2:96-cr-00259-WFN Eastern District of Washington, Spokane <br><br> ORDER |

Before: REINHARDT, W. FLETCHER, and OWENS, Circuit Judges.

Petitioner's application for authorization to file a second or successive 28 U.S.C. § 2255 motion makes a prima facie showing under *Johnson v. United States*, 135 S. Ct. 2551 (2015). The application is granted. *See Welch v. United States*, 136 S. Ct. 1257, 1264-68 (2016) (*Johnson* announced a new substantive rule that has retroactive effect in cases on collateral review).

The Clerk shall transfer the section 2255 motion filed on May 6, 2016, to the United States District Court for the Eastern District of Washington. The motion shall be deemed filed in the district court on May 3, 2016, the date on which it was delivered to prison authorities for forwarding to this court. *See* Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 270 (1988). The district court may wish to

stay proceedings pending this court's decision in 14-10080, *United States v. Begay*.

The Clerk shall serve this order directly on the chambers of the Honorable Wm. Fremming Nielsen.

The Clerk shall send an electronic courtesy copy of this order to Andrea K. George, Federal Defenders of Eastern Washington and Idaho, 10 North Post, Suite 700, Spokane, WA 99201, for informational purposes.

Upon transfer of the motion, the Clerk shall close this original action in this court.

No further filings will be entertained in this case.

**16-71332**

Docket No._____

omar 5|6|16

RECEIVED
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**MAY 0 6 2016**

FILED\_\_\_\_\_
DOCKETED_____
            DATE            INITIAL

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

United States of America,

Respondent

vs.

Robert Sherman Berry,

Applicant.

On Application for Authorization to

File a "Second" 28 USC § 2255 Motion

in the United States District Court

for the Eastern District of Washington

APPLICATION FOR CERTIFICATION OF 28 USC § 2255 MOTION

Robert S. Berry, Pro se

No. 09031-085

United States Penitentiary

P.O. Box 019001

Atwater, CA 95301

JURISDICTION

The original jurisdiction of the United States Court of Appeals for the Ninth Circuit is invoked under 28 USC section 2255(h).

INTRODUCTION

Robert Sherman Berry (Berry) seeks this Court's authorization to pass the 28 USC § 2255(h)(2) gateway with a "second" § 2255 motion claim that in light of <u>Johnson v. United States,</u> 135 S.Ct. 2551 (2015) his four 18 USC § 924(c) convictions are unconstitutional, because (1) the predicate statutes no longer qualify as "crimes of violence," and (2) Ninth Circuit case law permitting directed verdicts of § 924(c) is abrogated.

PETITION FOR AUTHORIZATION*

I.   TRIAL PROCEEDINGS

A.   Statutes Of Conviction:

1.   Upon original trial

| | | |
|---|---|---|
| Count 1 | 18 USC § 371 | Conspiracy |
| Count 10 | 18 USC § 2312 | Transporting Stolen Vehicle |
| Count 11 | 18 USC § 2312 | Transporting Stolen Vehicle |
| Count 12 | 26 USC § 5861(d) | Possessing Untaxed Grenades |

---

*This Application conforms with Ninth Circuit Rule 22-3(a).

2.    Upon re-trial

| Count S2 | 18 USC § 844(i) | Malicious Damage/Destruction |
| Count S3 | 18 USC § 924(c) | Firearm in Crime of Violence |
| Count S4 | 18 USC § 2113(a)&(d) | Armed Bank Robbery |
| Count S5 | 18 USC § 924(c) | Firearm in Crime of Violence |
| Count S6 | 18 USC § 844(i) | Malicious Damage/Destruction |
| Count S7 | 18 USC § 924(c) | Firearm in Crime of Violence |
| Count S8 | 18 USC § 2113(a)&(d) | Armed Bank Robbery |
| Count S9 | 18 USC § 924(c) | Firearm in Crime of Violence |

B.    Trial Disposition

Berry and his two codefendants were convicted in the original jury trial of counts 1, 10, 11 (to which they testified and admitted) and 12; the jury was unable to reach a verdict on counts 2-9. Upon a re-trial Berry (with codefendants) was convicted of Counts S2-S9.

C.    Court of Conviction

The District Court for the Eastern District of Washington, at Spokane, Case Number 2:96-cr-00259-WFN

D.    Date of Conviction

November 4, 1997

E.    Sentence

Two consecutive life terms plus 71 years and 10 months

II.    PREVIOUS POST-CONVICTION PROCEEDINGS

Application page -3-

A.    Convictions Challenged On Previous § 2255 Motions

      1. Berry has filed (or attempted to file), under

        § 2255, three previous motions,

      2. all challenging his convictions upon—

| | | |
|---|---|---|
| Count 1 | 18 USC § 371 | Conspiracy |
| Count S2 | 18 USC § 844(i) | Malicious Damage/Destruction |
| Count S3 | 18 USC § 924(c) | Firearm in Crime of Violence |
| Count S4 | 18 USC § 2113(a)&(d) | Armed Bank Robbery |
| Count S5 | 18 USC § 924(c) | Firearm in Crime of Violence |
| Count S6 | 18 USC § 844(i) | Malicious Damage/Destruction |
| Count S7 | 18 USC § 924(c) | Firearm in Crime of Violence |
| Count S8 | 18 USC § 2113(a)&(d) | Armed Bank Robbery |
| Count S9 | 18 USC § 924(c) | Firearm in Crime of Violence |

(Stolen vehicle & untaxed grenade counts not challenged)

B.    History Of First Motion Filed Under § 2255—

      1.(a) in the United States District for the Eastern

        District of Washington,

      (b) case no: CV-07-211-WFN,

      (c) on 06/21/07 (per Mailbox Rule) (docketed

        07/02/07) docket nos. ECF #343 (§ 2255

        motion), ECF #344 (Memorandum in Support).

      2.    The motion raised two Grounds for relief*

---

*To minimize wasting the Court's time, and in light the

purpose of listing these previous motion grounds here, I

abbreviate each to its "claim type".

Application page -4-

based on newly discovered facts supporting
Berry's due process violation claims:

GROUND ONE: Perjured Testimony Of An FBI
Scientist.

GROUND TWO: New Evidence Of False Testimony, by
reckless introduction of junk science.


3. <u>Disposition Of First Motion Filed Under § 2255</u>

(a) Motions for evidentiary hearing, discovery
and counsel were not addressed,

(b) the District Court "treated" the motion as a
"motion for a new trial," denied it under Fed.
R.Crim.P.33's "five part test;" denied a COA,

(c) on November 27, 2007, ECF #349.


(d) Berry appealed. The Ninth Circuit granted a
COA; it affirmed the District Court—including its conversion
of the § 2255 motion into a Rule 33 motion—in a published
opinion. <u>United States v. Berry</u>, 624 F.3d 1031 (9th Cir 2010).
Petitions for rehearing <u>en banc</u>, and for <u>certiorari</u> in the
Supreme Court were denied.


C. <u>History Of Second ("Legally First") § 2255 Motion</u>--

1.(a) filed in the Ninth Circuit 09/12/11
concomitantly with a § 2255(h) petition (case no. 11-72713),
arguing the petition should be denied as unnecessary because
Berry's first motion had been shanghaied to Rule 33; the Ninth
Circuit agreed and transferred the new motion—

Application page -5-

(b) to the United States District Court for the Eastern District of Washington,

(c) case no. CV-11-0429-WFN-1,

(d) on December 14, 2011 ECF #412.

2. (a) The "legally first" § 2255 motion was based on newly discovered <u>Brady</u>, <u>Giglio</u> and <u>Napue</u> claims,

(b) raising two grounds for relief:

GROUND ONE: <u>Brady</u>/<u>Giglio</u>/<u>Napue</u> claim. Arising from suppression of promise to pay Loren Berry money.

GROUND TWO: <u>Brady</u>/<u>Giglio</u> claim. Arising from failure to disclose CABL junk science.

3. <u>Disposition Of "Legally First" § 2255 Motion</u>.

(a) Motions for an evidentiary hearing, and for discovery and counsel were denied.

(b) The district court denied the motion. It held the motion was untimely (lack of diligence) or the Brady violations were immaterial; and denied a COA. (ECF #428),

(c) on April 26, 2012.

(d) Berry appealed. The Ninth Circuit denied a COA 10/19/12; denied petition for rehearing 11/19/12. The Supreme Court denied certiorari.

D. <u>History Of Third ("Third In Time") § 2255 Motion</u>—

1. (a) filed in the United States District Court for the Eastern District of Washington, concomitantly with a

request for declaratory judgement that—because the § 2255 motion was based on previously undiscoverable <u>Brady</u>, and <u>Brady</u>-related claims—it was exempt from § 2255(h) requirements,

      (b) case number CV-13-056-WFN,

      (c) on February 4, 2013, docket no. ECF #441.


      2.(a) The "third-in-time" motion was based on a 2012 affidavit of key government witness Loren Berry, admitting to being provided numerous inducements to give misleading trial testimony, and to lie about his motive to testify.

      (b) raising twenty-two claims of constitutional violations arising from deliberate prosecutorial misconduct:

GROUND ONE: Deliberate violation of <u>Brady</u>.

GROUND TWO: Deliberate violation of <u>Brady</u>.

GROUND THREE: Deliberate violation of <u>Agurs/Brady</u>.

GROUND FOUR: Deliberate violation of <u>Giglio/Napue</u>.

GROUND FIVE: Multiple deliberate violations of <u>Brady</u>.

GROUND SIX: Deliberate violation of <u>Brady</u>.

GROUND SEVEN: Multiple deliberate violations of <u>Brady</u>.

GROUND EIGHT: Deliberate violation of <u>Agurs/Brady</u>.

GROUND NINE: Deliberate violation of <u>Napue</u>.

GROUND TEN: Deliberate violation of <u>Brady</u>.

GROUND ELEVEN: Fraud on the court by AUSA Rice.

GROUND TWELVE: Deliberate violation of <u>Agurs</u>.

GROUND THIRTEEN: Deliberate violation of Sixth Amendment under <u>Davis</u>.

GROUND FOURTEEN: Deliberate violation of <u>Napue</u>.

GROUND FIFTEEN: Deliberate violation of Giglio/Napue and Alcorta.

GROUND SIXTEEN: AUSA Harrington violated Agurs by lying to the jury.

GROUND SEVENTEEN: AUSA Rice violated Agurs/Giglio and Mooney by lies to the jury.

GROUND EIGHTEEN: AUSA Rice violated Brady and Berger by deliberately misleading the jury.

GROUND NINETEEN: Deliberate violation of Sixth Amendment under Davis.

GROUND TWENTY: Deliberate violation of Sixth Amendment under Davis.

GROUND TWENTY-ONE: Deliberate violation of Bowie/Berger.

GROUND TWENTY-TWO: Flagrant misconduct infected the entire trial.

3. Disposition Of "Third-In-Time" § 2255 Motion.

(a) Motions for an evidentiary hearing, and for discovery and counsel were denied,

(b) The district court denied the request for declaratory judgment without addressing its argument, dismissed the § 2255 motion, and denied a COA on both the § 2255 motion and the request for declaratory judgment,

(c) on March 4, 2013 (ECF #443).

(d) Berry appealed, arguing § 2255's COA requirement does not apply to requests for declaratory judgment. The Ninth Circuit denied a COA.

Application page -8-

III. BERRY'S CURRENT § 2255 MOTION TO VACATE

    A.   Convictions Challenged On The Current § 2255 Motion

        1.   Berry's proposed "second or successive" (SOS) § 2255 motion is filed in the Ninth Circuit Court of Appeals, as an attachment to this Petition for Authorization under § 2255(h)(2),

        2.   challenging his conviction and sentence upon--

| Count S3 | 18 USC § 924(c) | Firearm in Crime of Violence |
| Count S5 | 18 USC § 924(c) | Firearm in Crime of Violence |
| Count S7 | 18 USC § 924(c) | Firearm in Crime of Violence |
| Count S9 | 18 USC § 924(c) | Firearm in Crime of Violence |

        3.   Berry asserts, on two grounds, that his sentence is constitutionally infirm and cannot stand:

GROUND ONE: In light of intervening authority promulgated by the Supreme Court in Johnson v. United States, 135 S.Ct. 2551 (2015), Berry's convictions were imposed in violation of his Fifth Amendment right to due process by the court erroneously categorizing as "crimes of violence" the statutes upon which his § 924(c) convictions are predicated.

FACTS: At Berry's trial the court instructed the jury— before the jury decided upon a single fact: "You are instructed that malicious destruction of property in interstate commerce and bank robbery are crimes of violence."

GROUND TWO: The district court's instruction that an essential element of the offense was met for each § 924(c) count—an incorrect instruction in light of Johnson—directed

Application page -9-

guilty verdicts in violation of Berry's Fifth Amendment right to due process and Sixth Amendment right to trial by jury.

BRIEF SUMMARY OF ARGUMENT: (1) After Johnson, 135 S.Ct 2551 (2015), and Dimaya v. Lynch, 803 F.3d 1110 (9th Cir 2015), the 18 USC § 924(c)(3)(B) residual clause cannot stand, see e.g. United States v. Lattanaphom, 2016 U.S. Dist. Lexis 12368 (E.D. Ca. Feb 2, 2016); (2) the entire line of Ninth Circuit sentence-enhancement case law that permitted the court to direct guilty verdicts on Berry's § 924(c) charges, is expressly constructed upon the § 924(c)(3)(B) residual clause, see United States v. Springfield, 829 F.2d 860 (9th Cir 1987), and its progeny; therefore that line of case law cannot stand; and (3) the directed guilty verdicts based on that case law, upon which Berry is confined, cannot stand.

    B.    These claims were not previously raised because,

    C.    they rely on new, previously unavailable law.

    D.    The claims do not rely on newly discovered evidence,

    F.    they do establish federal constitutional error.

    G.    <u>Authorization To File This Second § 2255 Motion Is Appropriate Because It Meets Each Requirement Of §§ 2255(h)(2) and 2244</u>

    1.    <u>The § 2255(h)(2) Requirements</u>

(a) Passing the § 2255(h)(2) gateway requires that a proposed motion rely on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme

Application page -10-

Court, that was previously unavailable." 28 USC § 2255(h)(2).

(b) Berry relies on the rule announced in Johnson v. United States, 135 S.Ct. 2551 (2015).


2.    Johnson Announced A Qualifying New Rule.

(a) Johnson promulgated a new, previously unavailable rule. The Supreme Court itself has declared that "It is undisputed that Johnson announced a new rule." Welch v. United States, 2016 BL 120401, p 79 (04/18/2016), at 81. The rule was previously unavailable; from the time Berry's conviction became final in 1998, through the time his most recent collateral attack attempt failed in 2013, Johnson's 2015 holding was explicitly foreclosed by Supreme Court precedent. See James v. United States, 550 US 192, 210 n.6 (2007); Sykes v. United States, 131 S.Ct. 2267, 2277 (2011). Because the Supreme Court's holding in Johnson required it to expressly overrule its own previously binding "contrary holdings in James and Sykes," Johnson, 135 S.Ct. at 2563, Berry's claim was clearly previously unavailable.

(b) Johnson's new rule is constitutional law. In Johnson, the Supreme Court held that "imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." Johnson at 2563. Therefore the rule is clearly constitutional.

(c) The US Supreme Court has made Johnson retroactive, holding that, "Johnson announced a substantive rule that has retroactive effect on cases on collateral review." Welch v. United States, 2016 BL 120401 at 83.

Application page -11-

3.  The § 2244 Requirement For Prima Facie Showing

For Berry to make the "prima facie showing that his application satisfies the § 2255(h) gateway requirements," 28 USC § 2244(b)(3)(C) incorporated at 28 USC § 2255(h), "the requirement is not that [he] must establish the merits of his § 2255 motion at this [—the authorization—] stage." Hertz & Liebman, 2 Federal Habeas Corpus Practice & Procedure §28.3[d](6th ed.)(issues bearing on the merits of the proposed claim, including procedural issues, are "irrelevant" at authorization stage). Berry needs to (1) show that the rule he relies on qualifies under § 2255(h)(2), and (2) show that he states a claim under that rule. Id., also see Bible v. Schriro, 651 F.3d 1060, 1064 n.1 (9th Cir 2011)("A prima facie showing is a sufficient showing of possible merit to warrant a fuller exploration by the district court, and we will grant an application for an SOS petition if it appears reasonably likely that the application satisfies the stringent requirements for the filing of a second or successive petition"); and Goldblum v. Klem, 510 F.3d 204, 219 & n.9 (3d Cir 2007)(the "showing of possible merit" required for authorization "does not refer to the merits of the claims asserted in the petition [but rather] to the merits of a petitioner's showing with respect to the [gatekeeping requirements]").

4.  Berry's Prima Facie Showing

(a) As shown above, Johnson's rule clearly qualifies under § 2255(h)(2).

(b) Berry's motion, relying on the invalidity of the § 924(c) residual clause, does not fail to state a claim.

(i) Berry's contention that the invalidation of the 18 USC § 924(e)(2)(B)(ii) residual clause by Johnson also necessarily invalidates the § 924(c)(3)(B) residual clause has support; for example, several courts have ruled that Johnson compels the conclusion that the § 924(c)(3)(B) residual clause is invalid. See United States v. Lattanaphom, 2016 U.S. Dist. Lexis 12368 (E.D. Ca. Feb 2, 2016)(following reasoning of Dimaya v. Lynch, 803 F.3d 1110 (9th Cir 2015) to conclude that "[e]xisting authority in the Ninth Circuit compels this court to extend Johnson to the residual clause of 18 USC § 924(c)"). Also see United States v. Melvin, 621 Fed. Appx. 226, 226-27 (4th Cir. 2015)(finding the § 924(c) residual clause invalid in light of Johnson, because "The § 924(c) residual clause suffers from exactly the same dual indeterminacy that was fatal to the ACC residual clause"); and United States v. Edmundson, 2015 U.S. Dist. Lexis 171007 (D.Md. Dec 30, 2015)(same).

(ii) Circuit courts have granted authorization petitions to file SOS motions attacking § 924(c) convictions relying on Johnson. See e.g. Ruiz v. United States, No. 16-1193 (7th Cir Feb 19, 2016); and Freeman v. United States, No. 15-3687 (2nd Cir Jan 24, 2016).

CONCLUSION

Berry's motion relies on a new rule of constitutional law, and

states a cognizable claim that under the new rule his § 924(c) convictions involved trial error that violated his Fifth and Sixth Amendment constitutional rights. THEREFORE Berry asks this Court to certify the attached § 2255 motion, and to transfer it to the district court for adjudication.

RESPECTFULLY SUBMITTED

this 3rd day of May, by *Robert S. Berry*

Robert S. Berry, pro se

## NOTICE OF POSSIBLE RELATED CASES

Berry was has two codefendants who are probably filing § 2255(h)(2) petitions on the same grounds:

Charles H. Barbee, D.C. No. CR-96-00258-WFN

Brian E. Ratigan, D.C. No. CR-97-0066-1-WFN

## CERTIFICATE OF SERVICE

I, Robert S. Berry, declare under penalty of perjury that I placed a true and correct copy of the foregoing § 2255(h)(2) petition, with § 2255 motion attached, in the Inmate Legal Mail System at USP Atwater, first class postage pre-paid, addressed to:

Joseph H. Harrington

Assistant U.S. Attorney

P.O. Box 1494

Spokane, WA 99210

EXECUTED this 3rd day of May, 2016 by *Robert S. Berry*

Robert S. Berry

Application page --14--

Docket No._____


IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT


United States of America,

Respondent

vs.

Robert Sherman Berry,

Applicant.


On Application for Authorization to

File a "Second" 28 USC § 2255 Motion

in the United States District Court

for the Eastern District of Washington


ATTACHMENT


Robert S. Berry, Pro se

No. 09031-085

United States Penitentiary

P.O. Box 019001

Atwater, CA 95301

Robert S. Berry

# 09031-085

United States Penitentiary Atwater

P.O. Box 019001

Atwater, CA 95301


IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF WASHINGTON


| | |
|---|---|
| UNITED STATES OF AMERICA, | Crim. No: CR-96-0259-WFN |
| Plaintiff/Respondent, | Civil No: _____ |
| vs. | |
| ROBERT SHERMAN BERRY, | "SECOND" MOTION TO VACATE |
| Defendant/Movant. | PURSUANT TO 28 USC § 2255 |

---

MOTION

1.    Robert S. Berry (Berry), federal prisoner confined at USP Atwater, moves this Court pursuant to 28 USC § 2255 to vacate his unconstitutional judgment of conviction entered—

   (a) in the District Court for the Eastern District of Washington, at Spokane,

   (b) criminal docket number 2:96-cr-00259-WFN.


2. (a) Judgment of Conviction entered November 4, 1997,

   (b) Sentence entered November 4 1997.


3.    Sentenced to two consecutive life terms plus 71 years and 10 months.

4. (a) Statutes of conviction upon original trial:

Count 1      18 USC § 371          Conspiracy

Count 10     18 USC § 2312         Transporting Stolen Vehicle

Count 11     18 USC § 2312         Transporting Stolen Vehicle

Count 12     26 USC § 5861(d)      Possessing Untaxed Grenades

   (b) Statutes of conviction upon re-trial:

Count S2     18 USC § 844(i)       Malicious Damage/Destruction

Count S3     18 USC § 924(c)       Firearm in Crime of Violence

Count S4     18 USC § 2113(a)&(d)  Armed Bank Robbery

Count S5     18 USC § 924(c)       Firearm in Crime of Violence

Count S6     18 USC § 844(i)       Malicious Damage/Destruction

Count S7     18 USC § 924(c)       Firearm in Crime of Violence

Count S8     18 USC § 2113(a)&(d)  Armed Bank Robbery

Count S9     18 USC § 924(c)       Firearm in Crime of Violence

5.   Berry pled Not Guilty to each count.

6.   Berry was convicted in the original jury trial of counts 1, 10, 11 & 12 (no verdict on counts 2-9); upon a second jury trial he was convicted of counts S2-S9.

7.   Berry testified at trial.

8-9. Berry (along with codefendants Merrell and Barbee, and a "related case" Brian Ratigan) appealed his conviction—
   (a) to the U.S. Court of Appeals for the Ninth Circuit,
   (b) case numbers 97-30371 (Berry), 97-30351 (Merrell), 98-30000 (Barbee), and 97-30372 (Ratigan).

-2-

(c) The Court of Appeals affirmed the convictions,

(d) in <u>United States v. Merrell</u>, 182 F.3d 929 WL 386651 (9th Cir 1999)(unpublished) on May 21, 1999.

10. Berry has filed three previous motions under § 2255.

11. PREVIOUS § 2255 MOTIONS

(a) <u>First 28 USC § 2255 Motion</u> (2007 motion),

(1) filed in the United States District Court for the Eastern District of Washington,

(2) case number: CV-07-211-WFN; docket numbers ECF #343 (§ 2255 motion), ECF #344 (Memorandum in Support)

(3) on 06/21/07 (per Mailbox Rule) (docketed 07/02/07);

(4) Based on newly discovered facts supporting Berry's claim that he is confined in violation of the United States Constitution,

(5) Berry raised two Grounds under § 2255:

GROUND ONE: Perjured Testimony Of An FBI Scientist.*

GROUND TWO: New Evidence Of False Testimony, by junk science.

---

*To minimize wasting the Court's time, and in light the purpose of listing these previous motion grounds here, I abbreviate each to its "claim type".

-3-

(6) Motions for an evidentiary hearing (and discovery, and counsel) were not addressed.

(7) The District Court "treated" the motion as a "motion for a new trial," denied it under F.R.Crim. P.33's "five part test;" and denied a COA,

(8) on November 27, 2007 (ECF #349).

(9) Berry appealed. The Ninth Circuit granted a COA; it affirmed the District Court—including its conversion of the § 2255 motion into a Rule 33 motion—in a published opinion. United States v. Berry, 624 F.3d 1031 (9th Cir 2010). Petitions for rehearing en banc, and for certiorari in the Supreme Court were denied.

(b) Second ("Legally-First") § 2255 Motion (2011 motion),

(1) filed in the Ninth Circuit 09/12/11 concomitantly with a § 2255(h) petition (case no. 11-72713), which asked the circuit court to deny the petition as unnecessary as Berry's first motion had been shanghaied to Rule 33; the Ninth Circuit agreed and transferred the new motion to the US District Court for the Eastern District of Washington,

(2) case number CV-11-0429-WFN-1; Docket no. ECF #412,

(3) on December 14, 2011.

(4) Based on newly discovered Brady, Giglio and Napue claims,

(5) Berry raised two grounds under § 2255:

-4-

GROUND ONE: Brady/Giglio/Napue claim. Arising from suppression of promise to pay Loren Berry money.

GROUND TWO: Brady/Giglio claim. Arising from failure to disclose CABL junk science.

(6) Motion for evidentiary hearing, and for discovery (and counsel) were denied.

(7) The district court denied the motion. It held the motion was untimely (lack of diligence) or the Brady violations were immaterial; and denied a COA,

(8) on April 26, 2012 (ECF #428).

(9) Berry appealed. The Ninth Circuit denied COA 10/19/12; denied petition for rehearing 11/19/12. Petition for certiorari in Supreme Court denied.

(c) Third ("Third-In-Time") § 2255 Motion (2012 motion),

(1) filed in the US District Court for the Eastern District of Washington, requested declaratory judgement that, as the motion presented previously undiscoverable Brady, and Brady-related claims, the motion was exempt from § 2255(h) requirements.

(2) case number CV-13-056-WFN; docket no. ECF #441,

(3) on February 4, 2013;

(4) based on a 2012 affidavit of key government witness Loren Berry, admitting to being provided numerous inducements to lie about his motive to testify, and

-5-

to give misleading trial testimony.

(5) Berry raised twenty two claims of constitutional violations arising from deliberate prosecutorial misconduct:

GROUND ONE: Deliberate violation of <u>Brady</u>.

GROUND TWO: Deliberate violation of <u>Brady</u>.

GROUND THREE: Deliberate violation of <u>Agurs</u>/<u>Brady</u>.

GROUND FOUR: Deliberate violation of <u>Giglio</u>/<u>Napue</u>.

GROUND FIVE: Multiple deliberate violations of <u>Brady</u>.

GROUND SIX: Deliberate violation of <u>Brady</u>.

GROUND SEVEN: Multiple deliberate violations of <u>Brady</u>.

GROUND EIGHT: Deliberate violation of <u>Agurs</u>/<u>Brady</u>.

GROUND NINE: Deliberate violation of <u>Napue</u>.

GROUND TEN: Deliberate violation of <u>Brady</u>.

GROUND ELEVEN: Fraud on the court by AUSA Rice.

GROUND TWELVE: Deliberate violation of <u>Agurs</u>.

GROUND THIRTEEN: Deliberate violation of Sixth Amendment under <u>Davis</u>.

GROUND FOURTEEN: Deliberate violation of <u>Napue</u>.

GROUND FIFTEEN: Deliberate violation of <u>Giglio</u>/<u>Napue</u> and <u>Alcorta</u>.

GROUND SIXTEEN: AUSA Harrington violated <u>Agurs</u> by lying to the jury.

GROUND SEVENTEEN: AUSA Rice violated <u>Agurs</u>/<u>Giglio</u> and <u>Mooney</u> by lies to the jury.

GROUND EIGHTEEN: AUSA Rice violated <u>Brady</u> and <u>Berger</u> by deliberately misleading the jury.

-6-

GROUND NINETEEN: Deliberate violation of Sixth Amendment under <u>Davis</u>.

GROUND TWENTY: Deliberate violation of Sixth Amendment under <u>Davis</u>.

GROUND TWENTY-ONE: Deliberate violation of <u>Bowie/Berger</u>.

GROUND TWENTY-TWO: Flagrant misconduct infected the entire trial.

(6) A motion for evidentiary hearing was denied.

(7) The request for declaratory judgment was denied, the § 2255 motion dismissed, COA "denied,"

(8) on March 4, 2013 (ECF #443).

(9) Berry appealed, arguing § 2255 COA does not apply to declaratory judgment. The Ninth Circuit denied COA.

12. BERRY'S CURRENT CLAIM THAT HE IS HELD IN VIOLATION OF THE UNITED STATES CONSTITUTION

(a) Under § 2255(h)(2) Berry challenges his conviction on counts of 18 USC § 924(c), S3, S5, S7 and S9, asserting on two grounds that his sentence is constitutionally infirm:

GROUND ONE: In light of intervening authority promulgated by the Supreme Court in <u>Johnson v. United States</u>, 135 S.Ct. 2551 (2015), Berry's convictions were imposed in violation of his Fifth Amendment right to due process by the court erroneously categorizing as "crimes of violence" the statutes upon which his § 924(c) convictions are predicated.

-7-

FACTS: At Berry's trial the court instructed the jury—before the jury decided upon a single fact: "You are instructed that malicious destruction of property in interstate commerce and bank robbery are crimes of violence."

GROUND TWO: The district court's instruction that an essential element of the offense was met for each § 924(c) count—an incorrect instruction in light of Johnson—directed guilty verdicts in violation of Berry's Fifth Amendment right to due process and Sixth Amendment right to trial by jury.

BRIEF SUMMARY OF ARGUMENT: (1) After Johnson, 135 S.Ct 2551 (2015), and Dimaya v. Lynch, 803 F.3d 1110 (9th Cir 2015), the 18 USC § 924(c)(3)(B) residual clause cannot stand, see e.g. United States v. Lattanaphom, 2016 U.S. Dist. Lexis 12368 (E.D. Ca. Feb 2, 2016); (2) the entire line of Ninth Circuit sentence-enhancement case law that permitted the court to direct guilty verdicts on Berry's § 924(c) charges, is expressly constructed upon the § 924(c)(3)(B) residual clause, see United States v. Springfield, 829 F.2d 860 (9th Cir 1987), and its progeny; therefore that line of case law cannot stand; and (3) the directed guilty verdicts based on that case law, upon which Berry is confined, cannot stand. See ARGUMENT, Memorandum in Support.

(b)(1) Berry did NOT raise this claim on direct appeal,

(2) because it relies on a new rule of law.

(c)(1-7) Berry has NOT raised this previously foreclosed claim in any sort of post-conviction motion or petition.

-8-

13. As far as Berry knows, this claim has never been argued in any proceeding in his case, because it was previously foreclosed by Supreme Court precedent.

14. The only other petition or proceeding that Berry has pending in any court at this time, is his petition in the Ninth Circuit under § 2255(h)(2) for authorization to file this § 2255 motion in the district court.

15. <u>Names And Addresses of Attorneys</u>

    (a) At preliminary hearing . . John Rodgers

                                        1033 West Gardner

                                        Spokane, WA 99260-0280

    (b) Arraignment and plea . . . (same)

    (c) Trial . . . . . . . . . . . (same)

    (d) Sentencing . . . . . . . . (same)

    (e) Direct Appeal . . . . . . . Gene Grantham

                                          119 First Avenue South

                                        Suite 500

                                        Seattle, WA 98104

    (f) 2007 § 2255 Motion
       in District Court . . . . . Robert S. Berry, pro se

                                          # 09031-085, USP Atwater

                                          P.O. Box 019001

                                          Atwater, CA 95301

on appeal . . . . . . . . . Dan B. Johnson

Suite 601, 4407 N Division

Spokane, WA 99207


(g) 2011 § 2255 Motion. . . . . Robert S. Berry, pro se

# 09031-085, USP Atwater

P.O. Box 019001

Atwater, CA 95301

(h) 2012 § 2255 Motion. . . . . (same)


16. Berry was sentenced in the District Court, Eastern District of Washington, on four counts on an original indictment, and eight counts on a superseding indictment.


17. Berry has no future sentence to serve after completing the sentence for the judgment he is challenging.


18. Timeliness of Motion. Berry's judgment of conviction became final more that one year ago. Berry's motion is timely under § 2255(f)(3), because the right he asserts has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. The right Berry asserts was initially recognized by the Supreme Court in United States v. Johnson, 135 S.Ct. 2551 (June 26, 2015) and made retroactive to cases on collateral review by the Supreme Court in Welch v. United States, 2016 BL 120401, p 79 (April 18, 2016). Berry's motion is filed less than one year from June 26, 2015.

-10-

THEREFORE, Berry asks that the Court vacate his convictions for 18 USC § 944(c), counts S3, S5, S7 and S9 and resentence him accordingly. Or grant any other relief to which he may be entitled.

## DECLARATION

1. I, Robert S. Berry declare under penalty of perjury that the foregoing is true and correct.

2. I, Robert S. Berry declare under penalty of perjury that this Motion under 28 USC § 2255 was filed, as attachment to a § 2255(h)(2) petition in the Ninth Circuit Court of Appeals, by placing it in the Inmate Legal Mail System at USP Atwater, first class postage prepaid, addressed to:

> Clerk, Ninth Circuit Court
> P.O. Box 193939
> San Francisco, CA 94103

RESPECTFULLY SUBMITTED and
EXECUTED this 3rd day of May, 2016 by _____

Robert S. Berry, pro se

-11-

FILED:  June 16, 2016

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 16-10**
**(1:00-cr-00074-MR-1)**
_____

In re: RICHARD ALLEN JACKSON,

      Movant

_____

O R D E R
_____

Richard Allen Jackson has filed a motion pursuant to 28 U.S.C. §§ 2244(b), 2255(h) (2012) for authorization to file a second or successive 28 U.S.C. § 2255 (2012) motion. We grant authorization for Jackson to file a second or successive § 2255 motion, thus permitting consideration of the motion by the district court in the first instance.

A copy of the § 2255 motion attached to Jackson's motion for authorization is transmitted to the district court in accordance with Local Rule 22(d).

Entered at the direction of the panel:  Judge Niemeyer, Judge Motz, and Judge King.

For the Court

/s/ Patricia S. Connor, Clerk

FILED:  June 17, 2016

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 16-9
(4:02-cr-00992-JFA-1)
_____

In re: CHADRICK EVAN FULKS

      Movant

_____

O R D E R

_____

Chadrick Evan Fulks has filed a motion pursuant to 28 U.S.C. §§ 2244(b), 2255(h) (2012) for authorization to file a second or successive 28 U.S.C. § 2255 (2012) motion. We grant authorization for Fulks to file a second or successive § 2255 motion. We express no view whatever on the merits of movant's claims.

A copy of the § 2255 motion attached to Fulks' motion for authorization is transmitted to the district court in accordance with Local Rule 22(d).

Entered at the direction of the panel: Judge Wilkinson, Judge King, and Judge Agee.

For the Court

/s/ Patricia S. Connor, Clerk

FILED: June 17, 2016

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

No. 16-5
(4:02-cr-00992-JFA-2)

———————————

In re: BRANDON LEON BASHAM

       Movant

———————————

O R D E R

———————————

Brandon Leon Basham has filed a motion pursuant to 28 U.S.C. §§ 2244(b), 2255(h) (2012) for authorization to file a second or successive 28 U.S.C. § 2255 (2012) motion. We grant authorization for Basham to file a second or successive § 2255 motion. We express no view whatever on the merits of movant's claims.

A copy of the § 2255 motion attached to Basham's motion for authorization is transmitted to the district court in accordance with Local Rule 22(d).

Entered at the direction of the panel: Chief Judge Traxler, Judge King, and Judge Agee.

For the Court

/s/ Patricia S. Connor, Clerk