IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

JEFFERY WILLIAM PAUL )
         Petitioner )
v. ) DOCKET NO. 16-2330
     )
UNITED STATES OF AMERICA )
        Respondent )

## GOVERNMENT'S RESPONSE TO APPLICATION FOR AUTHORIZATION TO FILE A SUCCESSIVE MOTION UNDER 28 U.S.C. § 2255

Petitioner, Jeffery William Paul ("Paul"), asks this Court for authorization to file a successive motion under 28 U.S.C. § 2255, relying on the Supreme Court's decision in *Johnson v. United States*, 576 U.S. __, 135 S. Ct. 2551 (2015), finding the residual clause in 18 U.S.C. § 924(e)(2)(B)(ii) unconstitutionally vague. Paul seeks to vacate his conviction, and thus his death sentence, based on an argument that the residual clause in § 924(c) suffers from the same constitutional infirmity identified in *Johnson*. *Johnson* announced a substantive rule in ACCA cases. *Welch v. United States*, 136 S. Ct. 1257 (2016). But neither the holding or rationale of *Johnson* renders the residual clause of § 924(c) unconstitutionally vague. Paul is not challenging an ACCA enhancement. Instead he is asking this Court to extend *Johnson* to § 924(c)(3)(B)—a section not governed by ACCA. The United States respectfully asks this Court to deny Paul's application because he cannot satisfy the

1

requirement of § 2255(h) that his application be based on a new rule of constitutional law made retroactive by the Supreme Court.

## **BACKGROUND**

On June 25, 1997, Paul was convicted of aiding and abetting the murder of Sherman Williams on federal land and sentenced to death. (Docket Entry # 238). The evidence at trial established that on June 22,1995, Paul and an acquaintance, Trinity Ingle, followed Mr. Williams, an 82-year-old man, from downtown Hot Springs, Arkansas, to a walking trail in Hot Springs National Park. Paul and Ingle robbed and beat Mr. Williams, and then shot him in the head and shoulder.

On September 25, 1998, Paul filed a notice of appeal (Docket Entry # 249), contending, among other allegations, that:

1) the prosecutor took inconsistent actions at his trial and at Ingles trial by arguing that the defendant in each trial pulled the trigger;

2) his rights under the Federal Death Penalty Act and the Constitution were violated because the jury failed to unanimously find and consider as a relevant mitigating factor that Ingle only received a life sentence;

3) the prosecution relied upon unadjudicated bad act evidence at trial and at sentencing in violation of his statutory and constitutional rights;

4) the government presented unnecessary and prejudicial testimony during the guilt phase of the trial regarding Williams life; and

5) there was error in the prosecutor's closing argument.

On June 27, 2000, this Court affirmed Paul's conviction. *United States v. Paul*, 217 F.3d 989 (8th Cir.2000).

Paul then sought a *writ of certiorari* with the Supreme Court on January 29, 2001, which was denied on October 1, 2001. *Paul v. United States*, 534 U.S. 829 (2001). Subsequently, on February 19, 2002, the Supreme Court denied Paul's petition for rehearing. *Paul v. United States*, 534 U.S. 1156 (2002).

Thereafter, on December 17, 2002, Paul filed a Motion for New Trial or to Vacate Defendant's Conviction and Death Sentence under 28 U.S.C. § 2255. (Docket Entry # 271). Among Paul's grounds for relief were:

1) the government relied on inconsistent theories at Paul and Ingle's trials which violated Paul's right to a fair trial and due process;

2) he was actually innocent of killing Mr. Williams;

3) the jury failed to unanimously find and consider as a mitigating factor that Ingle was equally culpable and did not receive a death sentence; and

4) a myriad of conclusory assertions of alleged prosecutorial misconduct only one claim of which

he identified any purported factual basis (that witnesses were paid for their testimony).

The United States filed its response on June 2, 2003. (Docket Entry # 284). The Court denied Paul's motion pursuant to 28 U.S.C. § 2255 on January 31, 2005. (Docket Entry # 323).

On August 24, 2005, Paul filed a notice of appeal. (Docket Entry # 334). Paul further moved pursuant to 28 U.S.C. § 2253 and Fed. R. App. Pro. 22 (b)(1), for a Certificate of Appealability ("COA"). (Docket Entry # 338).

On September 6, 2005, the Eighth Circuit remanded Paul's case for consideration in light of *Tiedeman v. Benson*, 122 F.3d 518 (8th Cir.1997), with directions that if granted, the COA specify the issue or issues that are to be considered on appeal. (Docket Entry # 341).

After reviewing Paul's application for a COA and finding it to be essentially a restatement and re-argument of contentions the Court had previously addressed and rejected, the Court, on October 26, 2005, declined to issue a COA. (Docket Entry # 345).

However, on January 25, 2007, the Eighth Circuit granted Paul a COA to address three issues:

1) Whether trial counsel were ineffective for failing to investigate and present evidence of Appellant's mental, medical and physical history;

2) Whether trial counsel were ineffective for failing to investigate and assert Appellant's incompetence to stand trial; and

3) Whether Appellant has a constitutional right to competence during federal habeas corpus proceedings and, if so, whether that constitutional right was violated.

(Docket Entry #351). On appeal, Paul argued:

1) trial counsel were ineffective for failing to investigate and present evidence of his mental, medical, and physical history;

2) trail counsel were ineffective for failing to investigate and assert his incompetence to stand trial;

3) federal law guaranteeing meaningful access to the courts requires that a prisoner challenging a capital conviction and sentence be mentally competent during habeas corpus proceedings and that guarantee was violated in his case;

4) his right to due process of law was violated when key government witnesses clandestinely received cash rewards after the jury was told no such rewards would be forthcoming; and

5) improper *ex parte* communications between the government and the district court warranted

assignment of a different judge pursuant to 28 U.S.C. § 2106.

This Court affirmed the district court's denial of Paul's petition on July 22, 2008. *Paul v. United States*, 534 F.3d 832 (8th Cir.2008). Paul then sought a *writ of certiorari* which was denied on October 5, 2009. *Paul v. United States*, 130 S.Ct. 51, 175 L.Ed.2d 43, 78 USLW 3171(2009).

On February 7, 2013, Paul, *pro se*, filed another Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (the § 2255 Motion). (Docket Entry # 362).   In his § 2255 Motion, Paul sought relief based on:

1) His actual innocence;

2) His sentence is unfair because his co-defendant was given a life sentence; and

3) Prosecutorial Misconduct.

The United States filed its response on March 8, 2013.   (Docket Entry # 365).

Thereafter, Paul began a flurry of *pro se* filings that included among others:

1) Motions for Order (Docket Entry # 366 and 370) in which he again raised issues of wrongful conviction and his co-defendant's conviction as defenses to his own sentence;

2) Motion for Effective Assistance, (Docket Entry # 367) and Motion for Effective Assistance of

Counsel (Docket Entry # 371), in which he argued, amongst others, issues raised in his appeal, first § 2255 Motion and his then current pending second § 2255 motion;

3) Motion for Order of Estoppel of Criminal Complaint, (Docket Entry # 368) wherein he again raised issues of the alleged illegality of his conviction;

4) Motion for Due Process (Docket Entry # 375) claiming a right to certify an "exonerating affidavit"; and

5) Motions for Emergency Injunctive Relief, (Docket Entry # 378, 379, and 380), in which Paul requested his wife be taken into custody and claimed that he would produce evidence of actual innocence and claiming in Docket Entry # 379 that his co-defendant gave an affidavit exonerating him from the crime for which he was convicted.

Each of Paul's motions were denied by the district court on June 17, 2013. (Docket Entry # 381). That same day, the magistrate judge issued his report and recommendation on Paul's *pro se* Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 and recommended the motion be denied. (Docket Entry # 382).

Paul then began another round of filings by first filing another *pro se* motion to vacate on June 27, 2013, claiming, among other issues, that he was under the age

of 18 at the time of his conviction and thus pursuant to *Roper v. Simmons*, 543 U.S. 551 (2005), he was ineligible for the death penalty.    (Docket Entry # 383).

Next Paul filed a *pro se* Motion for Immediate Relief (Docket Entry # 384) and *pro se* Motion for Relief (Docket Entry # 385) claiming he was under age and not eligible for conviction under 18 U.S.C. § 1111 and requested a hearing on the issue.    (Docket Entry # 386).

Thereafter, Paul filed a *pro se* motion to amend in which he set forth his equations for the court to use to properly determine his age at the time of the murder. (Docket Entry # 388).

On July 22, 2013, the magistrate judge issued his report and recommendation regarding Paul's Motion to Vacate (Docket Entry # 383), Motion for Immediate Relief (Docket Entry # 384), Motion for Relief (Docket Entry # 385), Motion for Hearing (Docket Entry # 387), and Motion to Amend (Docket Entry # 388), recommending these be denied and recommended the Clerk of the court be directed to accept no further *pro se* filings by Paul in this matter until further notice by the district court.    (Docket Entry # 390).    The magistrate based his recommendation on finding the district court has no obligation to consider Paul's *pro se* filings because he is represented by counsel and has no constitutional or statutory right to simultaneously proceed *pro se* and with benefit of counsel.    Paul filed his *pro se*

objections to the report and recommendation on July 31, 2013. (Docket Entry # 391). On August 26, 2013, the district court issued its order adopting the magistrate's report and recommendation *in toto*. (Docket Entry # 392).

On August 20, 2013, in the United States District Court for the Southern District of Indiana, Paul filed a Petition for Writ of Habeas Corpus claiming actual innocence. (*Paul v. Superintendent*, Case No. 2:13-cv-304-WTL-WGH, Docket # 1 (S.D. Ind.). On September 24, 2014, the United States sought to dismiss Paul's Petition based on a lack of jurisdiction due to Paul challenging the validity of his conviction. (*Id*. Docket # 39). However, the district court there denied the United States' motion stating " '[w]hether the proceeding is allowable under [28 U.S.C.] § 2255(e) is a question on the merits; it does not affect subject-matter jurisdiction.' *Sperberg v. Marberry*, 381 Fed. Appx. 602 (7th Cir. 2010) (nonprecedential)." (*Id*. Docket # 44). The case is currently ongoing in the Southern District of Indiana.

On September 9, 2013, Paul filed a *pro se* Motion for Permission to File a Successive 28 U.S.C. § 2255 Petition in which he sought to file a successive motion attacking his sentence pursuant to 28 U.S.C. § 2255 so he could present new claims for relief based on actual innocence and ineligibility for the death penalty based on his age at the time of the murder. (Docket 13-2987). This Court issued its Mandate denying Paul's petition on October 1, 2013.

On April 9, 2014, in Eighth Circuit Docket 14-1832, Paul filed a Petition for Extraordinary Writ that was denied by this Court on April 22, 2014. Thereafter, Paul next filed a Petition for en banc rehearing or rehearing by panel on May 5, 2014, and then an Amending Motion on May 21, 2014. These filings were denied by this Court on June 3, 2014.

On May 20, 2016, in Seventh Circuit Docket 16-2220, Paul filed what was captioned as a Petition for Other Extraordinary Writ in which he claimed he was actually innocent and being illegally detained. The Seventh Circuit denied Paul's petition on May 26, 2016.

Paul has now filed a filed an application with this Court requesting permission to file a successive 2255 motion claiming the holdings of *Johnson* and *Welch* have rendered his death sentence invalid.

## LEGAL ANALYSIS

Paul now seeks leave to file a successive § 2255 motion based on the Supreme Court's decisions in *Johnson* and *Welch*. Paul contends these two cases require the Court to grant him the requested leave. However, as explained below, Paul has not established the necessary *prima facie* case, because *Johnson* and *Welch* do not apply to 18 U.S.C. § 924(c). As a result, Paul's application is simply insufficient to

warrant a fuller exploration by the district court and his request to file a successive § 2255 motion should be denied.

**1.** **Paul Has Not Made A *Prima Facie* Showing That His Claim Is Based On A New Rule Of Constitutional Law Made Retroactive To Cases On Collateral Review By The Supreme Court**

Because Paul's application was filed subsequent to the passing of the Anti-Terrorism and Death Penalty Act (April 1996) ("AEDPA"), it is subject to AEDPA's "gate-keeping" provisions for second or successive motions brought pursuant to § 2255. 1996, Pub.L. No. 104 132; 28 U.S.C. § 2241 *et seq*; *Lindh v. Murphy*, 117 U.S. 2059 (1997). AEDPA severely curtailed the filing of second and successive § 2255 motions. *See* 28 U.S.C. § 2244(a) (b), 2255. Petitioners who have previously filed § 2255 motions face long odds proceeding under § 2255 a second time. *United States ex rel. Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1061 (8th Cir.2002).

AEDPA imposed procedural requirements on federal prisoners, like Paul, who wish to file "second or successive" motions to vacate their sentences. AEDPA amended 28 U.S.C. § 2244(b) to preclude the filing of any subsequent habeas corpus petition absent certification by a panel of the appropriate court of appeals for the circuit in which the district court is located, authorizing the district court to consider the successive motion or application. Also, 28 U.S.C. § 2255 provides that a second or successive motion may not be filed without prior appellate court approval in the

manner provided in 28 U.S.C. § 2244. A second or successive motion must be certified under 28 U.S.C. § 2244 by a panel of the appropriate court of appeals to contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

§ 2255(h); *Rodgers v. United States*, 229 F.3d 704 (8th Cir.2000).

In order to obtain authorization to file a second or successive habeas application, a movant must make a prima facie showing that his application satisfies the requirements of 28 U.S.C. § 2255(h). *Woods v. United States*, 805 F.3d 1152, 1153 (8th Cir.2015). A movant meets the prima facie standard by making "simply a sufficient showing of possible merit to warrant a fuller exploration by the district court." *Id.* Here, Paul grounds his application on § 2255(h)(2), which requires him to make a prima facie showing that his claim involves (1) a new rule (2) of constitutional law that was (3) previously unavailable and that (4) has been made retroactive to cases on collateral review. See 28 U.S.C. § 2255(h)(2).

Paul acknowledges that the Antiterrorism and Effective Death Penalty Act ("AEDPA"), as set forth in § 2255(h), has a "gatekeeping" function. (Paul Ap. 1). His contention that *Johnson* applies to a statute not considered in *Johnson*, however, would allow for a flood of petitions from inmates convicted under an array of statutes. *See Johnson*, 135 S. Ct. at 2577 (Alito, J., dissenting) (noting the United States filed a 99- page appendix identifying laws employing a standard "similar" to the ACCA's residual clause). Because of the dramatic impact of permitting otherwise final convictions to be challenged anew, [t]he new rule must have a nexus to the right asserted in the motion. *Donnell v. United States*, No. 15-2581, 2016 WL 3383831, at *1 (8th Cir. Jun. 20, 2016). As this Court stated, "[i]t is not enough for the successive motion to cite a new rule that merely serves as a predicate for urging adoption of another new rule that would recognize the right asserted by the movant. *Id.* at *2.

In *Donnell*, this Court recently considered *Johnson's* effect on sentencing enhancements under U.S.S.G. § 4B1.2(a)(2), a provision with identical language to the ACCA's residual clause. No. 15-2581, 2016 WL 3383831. There, Donnell sought to extend the *Johnson* and *Welch* holdings to apply to the residual clause of U.S.S.G. § 4B1.2(a)(2). *Id*. at *1. The Court denied Donnell's motion for authorization to file a second or successive motion under § 2255(h) because his claim

would require the Court to create a second new rule that would apply *Johnson* to the advisory sentencing guidelines. *Id.* at *3.

*Donnell* is instructive here. Paul is urging this Court to extend the *Johnson* and *Welch* holdings to apply to § 924(c)(3)(B)'s residual clause. However, just as the Supreme Court never considered whether *Johnson* applied to the advisory sentencing guidelines, the Supreme Court has never considered Johnson's application to § 924(c)(3)(B), let alone determining its retroactive effect. Thus, like in *Donnell*, to apply *Johnson* in Paul's case would require this Court to recognize a second new rule. Therefore, this Court should deny Paul's application for leave to file a successive § 2255 motion.[1]

---

[1] Circuit courts that have considered whether to grant leave to file a successive § 2255 based on *Johnson*'s applicability to § 924(c)(3)(B) have reached different results under varied circumstances. Compare *In re Fields*, No. 16-50521, __ F.3d. __, 2016 WL 3383460 (5th Cir. June 17, 2016) (denying permission to file a successive motion); *Turner v. United States*, No. 16-1145 (1st Cir. May 4, 2016) (denying leave to file a successive motion after briefing and oral argument); with *In re Pinder*, No. 16-12084, __ F.3d. __, 2016 WL 3081954 (11th Cir. June 1, 2016) (granting leave to file successive motion, but doing so without the benefit of a response from the United States addressing § 924(c)(3)(B)); *In re Chapman*, No. 16-246, (4th Cir. May 3, 2016) (granting leave to file successive motion, but doing so without the benefit of a response from the United States); *Ruiz v. United States*, No. 16-1193 (7th Cir. Feb. 19, 2016) (granting leave to file successive motion, in part, because of its decision in *United States v. Vivas-Ceja*, 808 F.3d 719, 723 (7th Cir. 2015)); *Freeman v. United States*, No. 15-3687 (2d Cir. Jan. 26, 2016) (granting leave to file successive motion when the United States did not oppose leave).

**2.** ***Johnson* And *Welch* Address The Armed Career Criminal Act's Residual Clause; They Do Not Address 18 U.S.C. § 924(C)'S "Crime Of Violence" Definition**

In *Johnson*, the Supreme Court held the residual clause in the ACCA, which defines a "violent felony," is unconstitutionally vague. 135 S. Ct. at 2563. In *Welch*, the Court held that Johnson announced a new substantive rule with retroactive effect on collateral review. 136 S. Ct. at 1268. At issue in *Johnson* and *Welch*, was the following statutory language from the ACCA:

> The term "violent felony" means
> . . . .
> > (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another. ["residual clause"]

18 U.S.C. § 924(e)(2)(B)(ii) (text in brackets added). At issue in the instant case is the definition of crime of violence in § 924(c), which states:

> > (3) For purposes of this subsection the term "crime of violence" means an offense that is a felony and
> > . . . .
> > (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). By their own terms, these two statutory provisions are, obviously, not identical and contemplate different levels of risk and causation.

Both *Johnson* and *Welch* make clear they are limited to the ACCA's residual clause. The majority opinion in *Johnson* stated, "The Government and the dissent point out that dozens of federal and state criminal laws use terms like 'substantial risk,' 'grave risk,' and 'unreasonable risk,' suggesting that to hold the residual clause [of the ACCA] unconstitutional is to place these provisions in constitutional doubt. Not at all." *Johnson*, 135 S. Ct. at 2561 (internal citation omitted). The Court explained that none of the cited laws "links a phrase such as 'substantial risk' to a confusing list of examples." *Id.* Indeed, one of "two features" in the ACCA residual clause that "conspired" to make it vague was its connection to four enumerated crimes: burglary, arson, extortion, and crimes involving the use of explosives. *Id.* at 2558. The language in § 924(c)(3)(B) does not include such a list. *See United States v. Taylor*, 814 F.3d 340, 378 (6th Cir.2016) (rejecting vagueness challenge to § 924(c) because *Johnson* "stressed that its reasoning did not control other statutes that refer to predicate crimes").

*Welch* reaffirmed this point, emphasizing that *Johnson* "cast no doubt on the many laws that 'require gauging the riskiness of conduct in which an individual defendant engages in a particular occasion.'" 136 S. Ct. at 1261. *Welch's* narrow holding is only that *Johnson* is retroactive in ACCA cases. Therefore, *Welch* offers no support to Paul's argument that *Johnson* applies to § 924(c)(3)(B).

16

**3.** **An Application For Leave To File A Successive Collateral Attack Is Not A Proper Forum For Articulating New Rules Of Law; Therefore, This Court Should Deny Paul's Application**

The Supreme Court simply has not addressed the issues Paul now places before this Court: whether the provision in § 924(c)(3)(B) is unconstitutionally vague and whether, if so, such a holding would apply to cases on collateral review. As a result, he cannot satisfy § 2255(h)(2)'s requirement that a successive motion be based on a new rule of constitutional law made retroactive by the Supreme Court, and his application must fail.  *See Donnell*, No. 15-2581, 2016 WL 3383831.

To be sure, *Johnson*'s reasoning provides an additional basis for challenging differently-worded residual clauses in other statutes, and some courts have extended *Johnson* in this manner.  *See United States v. Vivas-Ceja*, 808 F.3d 719, 723 (7th Cir. 2015) ("Applying *Johnson*'s reasoning here, we conclude that 18 U.S.C. § 16(b) is unconstitutionally vague."); *Dimaya v. Lynch*, 803 F.3d 1110, 1120 (9th Cir. 2015) (same); *but see Taylor*, 814 F.3d at 376 (holding *Johnson* does not apply to 18 U.S.C. § 924(c)(3)(B)).  Although the merits of a challenge to § 924(c)(3)(B) are not before the Court, it should be noted that the decisions cited by Paul cannot bear the weight he assigns to them because they were decided on direct appeal (or on a petition for review of an agency determination).  (Paul Ap. 8).  In those settings, unlike a motion for leave to file a successive § 2255 motion, appellate courts appropriately

17

engage in their traditional function of deciding whether to modify or refine precedent.

Paul is pursuing a successive collateral attack on a final judgment and must, therefore, shoulder a far greater burden out of respect for heightened finality interests. *Perez*, 286 F.3d at 1061 (The AEDPA "severely curtailed the filing of second and successive § 2255 motions."). To meet that burden, it is not enough for Paul to argue what the law should be; rather, he must present a claim that is based on what the law is and has been recognized to be. Authorization of a successive motion cannot be based on a possible extension of precedent. Otherwise, the Court would need to announce a new rule of law for the first time in the defendant's own case, which it cannot do. *Cf. Tyler v. Cain*, 533 U.S. 656, 667 (2001) (holding that the Supreme Court cannot "today" make a new rule retroactive in the defendant's own case for purposes of a successive application).

Indeed, the statutes regulating successive § 2255 motions support this conclusion. Acting in their gatekeeping capacity, the courts of appeals are not asked to conduct a plenary merits review in these cases. Instead, they need only decide whether the defendant has made a "prima facie showing" that his claim satisfies one of two narrow sets of statutory criteria. 28 U.S.C. § 2244(b)(3)(C). Congress has imposed strict procedural limitations for courts making that

18

determination: the proceedings are truncated, often non-adversarial, and subject to expedited disposition. *See* 28 U.S.C. § 2244(b)(3)(D) (applications must generally be decided within 30 days).

The 30-day time frame for decisions, in particular, is evidence that Congress generally intended the courts of appeals to make a quick up-or-down determination without the need to undertake difficult legal analysis. *See Ashley v. United States*, 266 F.3d 671, 673 (7th Cir. 2001) ("Shortness of time [for resolving successive applications] implies a mechanical process; all the court need do is look up an answer in the United States Reports."); *cf. Tyler*, 533 U.S. at 664 (AEDPA's "stringent time limit" means that the courts of appeals should not have to undertake "the difficult legal analysis that can be required to determine questions of retroactivity in the first instance"). Accordingly, when a request to file a successive § 2255 motion, like the one at issue, depends on the extension of precedent, rather than its application, this Court should deny authorization.

This Court's decision in *Donnell* illustrates that arguments in favor of extending Supreme Court precedent are insufficient grounds for a successive collateral attack. No. 15-2581, 2016 WL 3383831. As discussed above, Donnell moved for authorization to file a second or successive motion under § 2255, asserting that *Johnson* made the residual clause of U.S.S.G. § 4B1.2(a)(2) unconstitutionally

19

vague and that *Welch* made *Johnson* retroactively available to him.  *Id.* at \*1.  The Court found that, "Donnell's successive motion seeks to assert a new right that has not been recognized by the Supreme Court or made retroactive on collateral review." As this Court is aware, *Johnson* invalidated the residual clause of 18 U.S.C. § 924(e)(2)(B)(ii) and *Welch* made the new rule of *Johnson* retroactive to cases on collateral review.

 *Donnell* precludes Paul's application.  As *Johnson* did not make the residual clause of the advisory sentencing guidelines unconstitutional, *Johnson* also fails to make § 924(c) separate and apart from the ACCA.  Moreover, Paul has pointed to no Supreme Court case extending *Johnson* in the manner he now suggests. Therefore, as this Court in *Donnell* refused to extend precedent to authorize a successive § 2255 motion, this Court should likewise deny Paul's request for leave to file a successive collateral attack.[2]

---

[2] If the Supreme Court concludes that § 924(c)(3)(B) is unconstitutionally vague, and makes that ruling retroactive, Paul may again seek this Court's permission to file a successive § 2255 motion.

## CONCLUSION

For the reasons and authorities cited herein this Court should deny Paul's Motion for Permission to File a Successive 28 U.S.C. § 2255 Petition and dismiss this case.

Respectfully submitted,

KENNETH ELSER
UNITED STATES ATTORNEY

By:    /s/ Mark W. Webb

     Mark W. Webb
Assistant U. S. Attorney
Ark. Bar Number 77141
414 Parker Avenue
Fort Smith, AR    72902
Phone:    (479) 783-5125
Fax:    (479) 441-0569

<u>CERTIFICATE OF SERVICE</u>

I, Mark W. Webb, Assistant U.S. Attorney for the Western District of Arkansas, hereby certify I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. I certify that service will be accomplished by the CMF/ECF system for all participants in the case that are registered CM/ECF users. I further certify that a true and correct copy of the foregoing response to petitioner's Application for Authorization to File a Successive Motion Under 28 U.S.C. § 2255 was mailed this <u>7th</u> day of July, 2016 to:

> Jeffery William Paul
> Register No. 10517-042
> USP Terre Haute
> U.S. Penitentiary
> P.O. Box 33
> Terre Haute, IN   47808

/s/ Mark W. Webb
Mark W. Webb
Assistant U.S. Attorney