No. 16-2330

IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

IN RE JEFFERY WILLIAM PAUL
Applicant-Movant.

REPLY TO GOVERNMENT'S RESPONSE TO APPLICATION FOR
AUTHORIZATION TO FILE A SUCCESSIVE MOTION UNDER 28
U.S.C. § 2255

CAPITAL § 2255 PROCEEDING


EDSON BOSTIC
FEDERAL DEFENDER
DISTRICT OF DELAWARE

Karl Schwartz
Jenny Osborne
Assistant Federal Public Defenders
Federal Defender Office
District of Delaware
800 North King Street, Suite 200
Wilmington, DE 19801

July 12, 2016

# TABLE OF CONTENTS

INTRODUCTION ..................................................................................................... 1

ARGUMENT ........................................................................................................... 1

    I.   Mr. Paul Has Made the Necessary Showing that His Claim Is Based on *Johnson* Itself—Not an Extension of *Johnson*—and Therefore Warrants Full Exploration by the District Court. ........................................................................... 1

    II.  There Are Facts Unique to Mr. Paul's Case Which the District Court Should Adjudicate to Determine *Johnson's* Applicability. ...................................................... 5

CONCLUSION ......................................................................................................... 7

# INTRODUCTION

Applicant-Movant, Jeffery William Paul, through counsel, respectfully submits this Reply to the Government's Response to Mr. Paul's Application for Authorization to File a Successive Motion Under 28 U.S.C. § 2255(h).

# ARGUMENT

## I. Mr. Paul Has Made the Necessary Showing that His Claim Is Based on *Johnson* Itself—Not an Extension of *Johnson*—and Therefore Warrants Full Exploration by the District Court.

The government concedes that *Johnson v. United States*, 135 S. Ct. 2551 (2015), announced a new rule of constitutional law made retroactive to cases on collateral review by *Welch v United States*, 136 S. Ct. 1257 (2016). Response at 15. The government opposes Mr. Paul's application because *Johnson* addressed § 924(e)'s residual clause, not the residual clause in § 924(c). Response at 14-16. The government argues that Mr. Paul has not made a prima facie showing that his application satisfies the requirements of 28 U.S.C. § 2255(h)(2) because it would require this Court to extend the rule in *Johnson*. Response at 14, 18.

The government is incorrect. *Johnson* not only invalidated §

924(e)'s residual clause, but the entire "ordinary case" approach to analyzing a crime of violence under a statutory residual clause. Section 924(c) contains a materially indistinguishable residual clause that requires the same unconstitutional ordinary case analysis struck down in *Johnson. See* Application at 6-7; *United States v. Moore*, 38 F.3d 977, 980 (8th Cir. 1994), *abrogated on other grounds by United States v. Torres Villalobos*, 487 F.3d 607 (8th Cir. 2007) (explaining that analysis of whether predicate crime falls within the residual clause of § 924(c) requires looking at elements of crime, not facts themselves, to determine whether "by its nature" the crime involves a substantial risk that physical force will be used). The right that Mr. Paul asserts therefore is based not on an extension of *Johnson*, but on *Johnson* itself.

Although § 924(e) and § 924(c) are not "identical," Response at 15, none of the wording in § 924(c) is any less subject to the indefinite application that led the *Johnson* Court to invalidate § 924(e)'s residual clause. *In re Hubbard*, 2016 WL 3181417, at *17 (4th Cir. June 8, 2016) ("The *Johnson* Court's focus was on the abstraction involved in analyzing an ordinary case," and distinctions in the language between § 924(e) and § 16(b), which is identical to § 924(c), "does not render it

implausible that § 16(b), too, is unconstitutionally vague."). Therefore, Mr. Paul's claim that *Johnson* invalidated not only § 924(e)'s residual clause but also § 924(c)'s residual clause is not, as the government argues, a claim "based on a possible extension of precedent." Response at 18.

Contrary to the government's argument, § 924(e)'s "connection to four enumerated crimes" is not among the central "two features" that "conspired" to make the residual clause unconstitutionally vague. Response at 16. Rather, the precise reason the *Johnson* Court found § 924(e) to violate due process is the fact that the residual clause (1) "ties the judicial assessment of risk to a judicially imagined 'ordinary case' of a crime, not to real-world facts or statutory elements," and then (2) "appl[ies] an imprecise" risk standard to that "judge-imagined abstraction." *Johnson*, 135 S. Ct. at 2558.

Although the Supreme Court in *Johnson* "did not doubt the constitutionality of laws that call for the application of a qualitative standard such as 'substantial risk' to real world conduct," it held as unconstitutional a law that "requires application of the 'serious potential risk' standard to an idealized ordinary case of the crime."

*Johnson*, 135 S. Ct. at 2561. As with § 924(e), § 924(c) does not call for an analysis of real world conduct, but an assessment of risk "to an idealized ordinary case of the crime." Accordingly, it is void under *Johnson* itself.

The government describes *Donnell v. United States*, 2016 WL 3383831 (8th Cir. June 20, 2016), as "instructive" in this case. Response at 14. But *Donnell* involved the question of whether *Johnson*'s vagueness doctrine, applicable to a criminal statute, was applicable to advisory sentencing guidelines. In contrast, Mr. Paul's request for authorization is based on *Johnson*'s application to § 924(c), a criminal statute within the same section of the United States Code as §924(e), which *Johnson* invalidated. Federal courts have uniformly equated the residual clauses of § 924(c) and § 924(e). Application at 7 & Ex. 1 at 9-10. As the Eleventh Circuit recently observed in a case granting successor authorization based on *Johnson*'s applicability to § 924(c):

> the language in § 924(c) and § 924(e) is very similar. And both § 924(c) and § 924(e) are penal statutes, meaning they both require higher sentences once a court decides that an offense is a 'crime of violence.' Also, for both statutes this question is decided 'categorically'—that is, by reference to the elements of the offense, and not the actual facts of the defendant's conduct.

*In re Pinder*, 2016 WL 3081954, at *1 (11th Cir. June 1, 2016) (alteration and internal quotation marks omitted).

The government argues that the decisions applying *Johnson* to § 924(c) and the identical language in § 16(b) cannot "bear the weight" Mr. Paul assigns to them because they were decided on direct appeal. Response at 17. But Mr. Paul cites these cases to show that the underlying merits of his claim—which is based on a new rule of constitutional law made retroactive to cases like his on collateral review—have been decided by several federal courts in his favor. These decisions demonstrate that Mr. Paul has made the requisite "showing of possible merit to warrant a fuller exploration by the district court." *Woods v. United States*, 805 F.3d 1152, 1153 (8th Cir. 2015).

II. **There Are Facts Unique to Mr. Paul's Case Which the District Court Should Adjudicate to Determine *Johnson's* Applicability.**

*Johnson* is particularly applicable to the specific facts of Mr. Paul's case, because the predicate robbery "offense" on which the jury was charged did not appear to come from any known or extant statute.[1]

---

[1] The government did not dispute this fact. Nor did the government dispute that, for the reasons set out in Mr. Paul's Application at 9-16,

Application at 11-12. There is thus no "ordinary case" to analyze. Where the § 924(c) conviction cites no known criminal statute as the predicate crime of violence, *Johnson*'s vagueness holding must apply regardless of any differences between the language of §§ 924(c) and (e). *Johnson*'s concern about the "abstract ordinary case of a crime" surely controls *any* ordinary case analysis that would have to be conducted in the absence of an actual criminal statute. 135 S. Ct. at 2563.

Of course, Mr. Paul need not show that *Johnson* ultimately resolves the claim in his favor. As long as Mr. Paul shows that he "*may be entitled to relief*" under *Johnson*, it is for the district court to further explore. *Woods*, 805 F.3d at 1154 (internal quotation marks omitted) (emphasis added); *In re Hubbard*, 2016 WL 3181417, at *4 ("All Hubbard need show is that there is a 'new rule of constitutional law, made retroactive to cases on collateral review,'" and "it is for the district court to determine whether the new rule extends to the movant's case, not for this court in this proceeding."). Under §§ 2255(h)(2) & 2244(b)(2)(A), Mr. Paul is required to show only that his claim "relies

---

the robbery "offense" defined for Mr. Paul's jury is not categorically a crime of violence under § 924(c)'s force clause.

on" the rule announced in *Johnson*. 28 U.S.C. § 2244(b)(2)(A). The government's response ignores this standard for authorization under § 2255(h)(2) and § 2244(b)(2)(A). Mr. Paul has made a "sufficiently close" merits argument to warrant presentation to the district court. *In re Hubbard*, 2016 WL 3181417, at *6.

Because *Johnson*'s vagueness holding applies to § 924(c)'s residual clause, Mr. Paul's § 924(c) conviction depends on whether the predicate robbery offense on which his jury was instructed qualifies as a crime of violence under § 924(c)'s force clause. For the reasons set out in his Application at 9-16, Mr. Paul has shown that it does not.

## CONCLUSION

For the reasons set forth in Mr. Paul's Application and above, he respectfully requests that the Court authorize him to file a successive § 2255 motion in the district court.

Respectfully Submitted:

**Edson Bostic**
**Delaware Federal Defender**

By: /s/ Karl Schwartz
Karl Schwartz (PA # 38994)
Jenny Osborne
Assistant Federal Public Defenders
800 North King Street
Wilmington, De 19801
(302) 573-6441
Karl_Schwartz@fd.org
Jenny_Osborne@fd.org


Dated: July 12, 2016

Certificate of Service

I, Karl Schwartz, hereby certify that on this twelfth day of July, 2016, I submitted the forgoing Reply for filing with service via CM/ECF to:

Mark W. Webb, Esq<br>United States Attorney's Office<br>414 Parker Ave<br>Fort Smith, AR 72901

/s/ Karl Schwartz

Karl Schwartz
Assistant Federal Public Defender